## THE JEFFERSONVILLE RAILROAD COMPANY *v.* WEINMAN.

PRACTICE.—*Costs.*—Where the defendant in an action settles with the plaintiff, by payment, without any agreement as to costs, the defendant is liable for costs, at least to the date of the settlement.

APPEAL from the Floyd Circuit Court.

PETTIT, J.—The appellee sued appellant to recover damages done to his property, occasioned by the construction of her road in the city of New Albany.

After various motions, demurrers, answers, rulings, exceptions, and continuances, which, for the purposes of this cause, need not be further noticed, through the instrumentality of the appellant and the city of New Albany (the company paying to the city ten thousand dollars for the

benefit of the appellee and others who had like suits pending), and "in consideration of seven hundred and thirty-seven dollars and ten cents paid by the city of New Albany and The Jeffersonville, Madison, and Indianapolis Railroad Company," the appellee gave a release to the city and the appellant for all damages occasioned by the construction of said road, dated May 25th, 1870, and at the next term moved the court to dismiss the cause, at the costs of appellant. To this the appellant objected, and by agreement of the parties, evidence, written and oral, was given to the court to enable it to determine how the case should be dismissed. On the evidence, the court dismissed the cause, at the costs of the appellant up to the 25th day of May, 1870 (the date of the release), and at the costs of the appellee after that date.

Exception was taken, and this ruling is assigned for error, a motion for a new trial on this point only having been made and overruled. The correctness of this ruling is the only question before us, all others having been cut off or disposed of by the dismissal of the case. We see no reason for distinguishing this from an ordinary cause where the issue is tried by the court. The evidence is conflicting and not clear, as to what was the agreement, expectation, or understanding of the parties, and, under a long-settled rule of this court, we cannot reverse. The reasons of the rule have so often been given that we need not repeat them. It is admitted in appellant's brief, "that if A. brings suit against B. for an alleged debt or demand, and after suit brought, B. should settle with A. for his alleged debt or demand, without any agreement as to the costs of suit, then, in such a case, and upon such a state of facts, B. should pay the costs of suit accrued, and the suit, if dismissed, should be dismissed at his costs."

We think that the court, from the evidence, might well and properly have found that the appellant, through its officers, agents, and the city of New Albany, settled with the

appellee, and that the ruling was right, on the hypothesis of the above admission.

The judgment below is affirmed, at the costs of the appellant.

*G. V. Howk, W. W. Tuley,* and *C. D. Howk,* for appellant.