The Jeffersonville Railroad Company *v.* Kalen.

*G. V. Howk, W. W. Tuley,* and *C. D. Howk,* for appellant.

———————●———————

## THE JEFFERSONVILLE RAILROAD COMPANY *v.* KALEN.

APPEAL from the Floyd Circuit Court.

PETTIT, J.—This suit, in all legal aspects, is the same as the case of *The Jeffersonville Railroad Company* v. *Weinman, ante,* p. 231; and on the ruling in that case this is affirmed, at the costs of the appellant.

N. B.—See the opinion of Judge BICKNELL, appended to the brief of the appellee in this case.*

*G. V. Howk, W. W. Tuley,* and *C. D. Howk,* for appellant.
*W. Bullitt,* for appellee.

———————————————————————————————

*WEINMAN ET AL. *v.* THE JEFFERSONVILLE RAILROAD COMPANY.

BICKNELL, J.—These cases are submitted to the court upon the question, by by whom shall the costs be paid?

The facts are these: the plaintiffs brought separate suits against the company, claiming damages for injuries to their property by the defendants, in running their trains through the city of New Albany; the suits were pending a long time, and were producing a great deal of disturbance and ill-feeling among citizens of New Albany, and politicians were beginning to make use of it. Applications were made to the city of New Albany to exercise her authority, if she had any, against the defendants, and at length applications on behalf of the city were made to the defendants, to induce them to pay a sum of money to be distributed among the plaintiffs, and to be by them received in satisfaction of their claims.

In response to these applications, the railroad company made the following proposal to the city: "We will pay into the city treasury ten thousand dollars, if, in consideration thereof, the city will covenant to protect and save us harmless from and against all claims for damage to real estate or improvements thereon, caused, or alleged to have been caused, by the location and construction of our road as now located and constructed in the city of New Albany."

APPEAL from the Madison Common Pleas.

BUSKIRK, C. J.—This was an action brought by the appellant against the appellees, to recover the possession of a

---

The city made the covenant above required, with the proviso, that if the claimants for damages should not execute sufficient releases of all damages to their real estate, present and prospective, growing out of the construction and lawful operation of said road within the city, then the covenant should be void, and the money returned by the city to the company.

The railroad company accepted the proviso and paid the money to the city. The plaintiffs executed the releases, and received their proportions of the money.  The following is the form of the releases:

"I do hereby release said city and said railroad company from all claims and demands which I now have, or ever had, or which my heirs, executors, or administrators shall have to the date hereof, for damage to my real estate and appurtenances, by reason of the granting of the right of way by said city to said company to construct its road near my said real estate, and by reason of the construction and operation of said road by said company, by, near, along side of, and over, my said real estate and its appurtenances."

Meanwhile the suits have remained upon the docket; but the plaintiffs, having received their damages and given their releases, now propose to dismiss their suits, and somebody must pay the costs.

It is clear that no order can be made upon the city to pay these costs to the plaintiffs in these suits.   She is not a party to the suits, and therefore is subject to none of a party's responsibilities.   If she is liable to the railroad company upon a covenant to save it harmless, and if the payment of these costs is embraced by that covenant, the proper remedy of the company, after the payment, would be an action against the city on the covenant.   That matter does not concern these plaintiffs.

As between the plaintiffs and the railroad company, the money was paid by the latter to and for the benefit of the former.

The city annexed to the covenant proposed by the railroad company certain provisos; these provisos were accepted by the railroad company; they make

Busby *v.* Noland *et al.*

horse alleged to have been unlawfully detained by the appellees from the appellant.

The substance of the answer was, that Noland was treasurer and Shawhan deputy treasurer of Madison county; that Busby was a citizen and tax-payer of said county; that he was assessed with certain real and personal property; that the taxes levied upon said property for various purposes amounted to a certain sum ; that the appellant failed to pay his taxes and was returned delinquent; that the auditor issued to the treasurer a precept for the collection of delinquent taxes; that Shawhan, as deputy treasurer, called upon the appellant for the payment of such taxes, which he refused to do; that thereupon he seized and levied upon the horse in controversy, to pay and discharge such delinquent taxes, with the interest and damages which had accrued thereon.

To this answer the appellant demurred.    The court sustained the demurrer.    The appellees appealed to this court,

reference to the resolutions of February 7th, 1870.   The first of those resolutions contains an express statement, that the money is to be paid for the benefit of the plaintiffs, and that the plaintiffs shall execute releases to the company; and one of the provisos is, that if the releases shall not be executed, the money shall be returned by the city to the company.   It is therefore not the case which it would be if there were an unqualified, unconditional covenant by the city to save the company harmless, on condition of a sum of money paid to the city.

It is substantially, as between plaintiffs and defendants, the case of money paid on a claim, by defendant to plaintiff, after suit brought.   Such a payment may be pleaded in bar; when so pleaded, the costs, up to the time of the plea, are recovered by the plaintiffs ; the payment admits a cause of action for the amount paid.   If, after such a payment, the parties go to trial on the general issue alone, the payment may be proved by plaintiff, as an admission ; and then if plaintiff recovers judgment, he also recovers costs.   But if the plaintiff, after taking the money, discontinues his suit, or, which is the same thing under our code of practice, dismisses his suit, then he is entitled to his costs to the time of paying the money.   Such has been the invariable practice in this circuit.   It is the same as where money is paid into court on a claim; there the plaintiff had always the right to take the money in satisfaction of his claim, discontinue his action, and have the costs, to the time of payment, taxed against the defendant. 1 T. R. 629; 4 T. R. 10; 8 T. R. 408, 486; 9 East, 325.   If the plaintiff did not choose to discontinue his action, he might get his costs taxed, and if defendant refused to pay them, the plaintiff might proceed to trial and take a verdict for

---

nominal damages and costs. 2 Strange, 1220; 1 Camp. 558, note. There is certainly no substantial difference between money paid into court and accepted in satisfaction, and money paid out of court and releases given in satisfaction.

I have thus far considered the question as it appears upon the papers; and I think it very clear that the plaintiffs, on dismissing their suit, will be entitled to recover costs up to the time of the payment, except such costs as have been heretofore adjudged in favor of defendants, if there are any such. It remains to consider whether the parol testimony heard on the motion to tax makes any difference. Mr. McKiernan testified that nothing was said by defendants' board of directors about costs; that they considered they were paying ten thousand dollars for a settlement, and had nothing to do with its distribution, and that the president told him the company would pay no costs; but this witness did not know that any notice to that effect had been given to any of the plaintiffs before the payment. It was also proved that the attorney of the city, after the payment of the money, had told Weinman that the company would pay no costs; and had said to Wagner, that if the plaintiffs would make no charge for their own fees as witnesses, the costs would not be much. It was also proved, that the attorney of the city and another attorney had told the plaintiffs that there was nothing in the instruments executed which made them liable for costs. There is nothing in this evidence which changes the legal effect of the transactions. I am, therefore, bound to decide, that the plaintiffs have a right to dismiss their suits, at the costs of the defendants up to the time of the payments; the defendants have a right to recover all costs heretofore adjudged in their favor, and all costs made since the payments.

(Signed)　　　　　　　　　　　　　　　　GEORGE A. BICKNELL.