NORDMAN *v.* STOUGH.

PLEADING.—*Complaint for New Trial.—Diligence.*—Complaint for a new trial on the ground of the absence from the county, at the time of the former trial, of a material witness for the party applying for the new trial, who was unable, until after the trial, to learn the whereabouts of the witness, the only allegation of diligence being " that he used due diligence to ascertain before trial the whereabouts of said witness."
*Held*, that the allegation as to diligence was insufficient.

From the Greene Circuit Court.

*T. E. Johnson* and *E. E. Rose*, for appellant.

*A. G. Cavins* and *E. H. C. Cavins*, for appellee.

Bock *v.* The State.

DOWNEY, J.—This was a complaint for a new trial, to which a demurrer was sustained by the circuit court, and which ruling is here alleged to be erroneous.

The ground on which the new trial was asked is, that one Rudisill was a material witness for the plaintiff in the former cause ; that he had left the county before the trial ; that the plaintiff was unable to learn of his whereabouts until after the cause was tried.

The following is the only allegation of diligence in the complaint:

" That he used due diligence to ascertain before trial the whereabouts of said Rudisill."

There is no case, that we are aware of, in which a party is required to allege diligence that he may do it in this form. Had the defendant applied for a continuance, on account of the absence of the witness, such a statement of the diligence used to have him at the trial would have been entirely insufficient. The party should state what acts of diligence he used.

Other objections to the complaint are urged, but need not be examined.

The judgment is affirmed, with costs.