COMPTON ET AL. *v.* CRONE.

ATTACHMENT.—*Judgment.*—*Default.*—*Appeal.*—*Supreme Court.*—The fact, that, in an attachment proceeding to which the defendant fails to appear, a creditor filing under the original attachment obtains a judgment for the amount of his claim without defaulting the defendant, is not ground for reversing such judgment, on appeal therefrom to the Supreme Court by the original attachment creditor.

SAME.—The judgment against the defendant in such proceeding should direct that the proceeds of such sale, less the costs of the action, be distributed *pro rata* among the attachment creditors whose claims ave been allowed.

SUPREME COURT.—*Evidence.*—*New Trial.*—*Assignment of Error.*—*Practice.*— The sufficiency of the evidence to support the finding or verdict can be questioned, on appeal to the Supreme Court, only by an assignment of error on the overruling of a motion for a new trial.

From the Hendricks Circuit Court.

*C. C. Nave* and *C. A. Nave,* for appellants.

*E. G. Hogate* and *R. B. Blake,* for appellee.

WORDEN, J.—The Comptons brought an action against Samuel Owen, and attached certain property.

Crone, the appellee herein, filed a claim against Owen under and pending the proceedings in attachment, and asked to be allowed to share *pro rata* the proceeds of the attached property, after paying costs and expenses.

The Comptons got leave to contest the claim of Crone against Owen, which they did; but upon trial by the court it was allowed.

The Comptons moved for a new trial of the issue in that behalf, but the motion was overruled, and exception

taken.  Crone's claim was ordered to be paid *pro rata* out of the attached property.

The Comptons alone appeal, Owen declining to join therein.

The first error assigned is as follows :

" The court erred in rendering judgment in the above entitled cause, against Samuel Owen, in favor of the appellee, without defaulting him ; and, on the evidence given on the trial of said cause, the judgment ought to have been given against appellee for costs."

This assignment relates to two separate matters : first, as to defaulting Owen ; and, second, as to the sufficiency of the evidence to sustain the finding.  As to the first, it does not appear how the Comptons were injured, if Owen was not regularly defaulted.  ·There is nothing in the second.  The question sought to be raised by it can only be raised by an assignment of error on the overruling of the motion for a new trial.

The second assignment is the following :

" The court erred by giving judgment in favor of appellee, that he should recover of Samuel Owen three hundred and thirty-seven dollars and sixty cents, and costs of suit ; and in ordering, adjudging and decreeing, that, after full payment of costs in the attachment suits, in favor of Jonathan· Compton and Stephen Compton, against Samuel Owen, in said court, and of all the causes filed under said attachment suit, that the residue of the money arising from the sale of the attached property should be distributed *pro rata* on all of said judgments."

The appellants cannot complain of the rendition of judgment in favor of Crone against Owen ; and, as for the judgment for a *pro rata* payment, that was in accordance with the statute.  2 R. S. 1876, p. 113, sec. 192.

The third assignment is, that " the court erred in refusing appellants a new trial in said cause."  We have looked into the evidence, and are satisfied that no error was committed in that respect.

The fourth and last assignment is, "that the judgment of the court below is contrary to law, and is not sustained by the evidence given on the trial of said cause."

The judgment, as before stated, was in accordance with the law, and was properly based on the finding of the court. Whether the finding was sustained by the evidence, is a question not raised by the last assignment.

There is no error in the record.

The judgment below is affirmed with costs.