## HOUSTON v. BRUNER ET AL.

SUPREME COURT.—*Practice.*—*New Trial.*—*Assignment of Error.*—Matter which is merely cause for a new trial can not, on appeal to the Supreme Court, be there independently assigned as error.

EVIDENCE.—*Ex Parte Affidavit.*—*Deposition.*—An *ex parte* affidavit of a witness, and a deposition which has been suppressed, are not competent evidence on the final trial of a cause.

SAME.—*Supreme Court.*—*Practice.*—Error in suppressing a deposition, to be available, must be excepted to in the lower court, and, on appeal to the Supreme Court, be there assigned as error.

JURY.—*Right of Trial by.*—*New Trial.*—On complaint for a new trial of a cause, neither party has a right to a trial by jury, but the same must be summarily decided by the court, on the evidence.

From the Fayette Circuit Court.

*S. E. Perkins, Jr., J. S. Reid* and *W. A. Lowe*, for appellant.

*J. C. McIntosh* and *B. F. Claypool*, for appellees.

BIDDLE, C. J.—The complaint for a new trial in this case, as between the principal and surety, was held good in the reported case of *Houston* v. *Bruner*, 39 Ind. 376.

Upon the remandment of the case, issues were formed and a trial had, resulting in a finding for the appellees.

We do not state the pleadings, as no question was made upon them which is brought here. Over a motion for a new hearing and exception, the court denied a new trial. Appeal.

The first, second, third, fourth and fifth assignments of error are merely causes for a new trial, and need not have been assigned as error.

Under the motion for a new trial, it is insisted by the appellant, that the court erred in sustaining the objection to the introduction of the evidence of T. W. Kerr, Augustus H. Wood, John W. Hitt, and John R. C. Penney. The evidence of Kerr, Woods and Penney, thus offered and refused at the trial, consisted of an *ex parte* affidavit made by each of them; and each of them was properly refused. An *ex parte* affidavit of a witness can not, over an objection, be read as evidence on a final trial.

Hitt's evidence, which was refused, consisted of a deposition which had been suppressed. It was properly refused. The appellant, if he desired to present the question here, should have excepted to the suppression of the deposition, and assigned the ruling in this court as error. Not having done so, no such question is presented for us to consider.

The appellant also insists, that the court erred, in refusing the appellant the right of a trial by jury.

On a complaint for a new trial, the parties have no right to a trial by jury. It is not a trial of the issues which decide the case ultimately, but such issues as decide whether a new trial shall be granted or not. The statute requires, that the questions " shall be summarily decided by the court, upon the evidence produced by the parties." 2 R. S. 1876, p. 183, sec. 356.

The seventh alleged error is, overruling the motion for a new trial. Under this assignment, the appellant discusses the sufficiency of the evidence to sustain the finding. Upon a careful examination of the evidence, we think the finding is fully supported, or rather, that the

evidence does not show that the appellant was entitled to a new trial.

As to the requisites of a complaint, and the sufficiency of the evidence in such cases, see the following authorities: *Freeman* v. *Bowman*, 25 Ind. 236; *Rickart* v. *Davis*. 42 Ind. 164; *Nordman* v. *Stough*, 50 Ind. 280; *Roush* v, *Layton*, 51 Ind. 106; *Cox* v. *Harvey*, 53 Ind. 174.

The judgment is affirmed, at the costs of the appellant.