## ROBINSON *v.* THE STATE.

CRIMINAL LAW.—*Evidence.—New Trial.— Waiver.*—Error in the admission of evidence is waived by a failure to assign the same as cause for a new trial.

SAME.—*Forgery of Promissory Note.— Variance.—Alteration.*—An indictment for forgery of a promissory note set out a copy of a note purporting to be the joint and several note of the defendant and the person whose name was alleged to have been forged thereto, dated " Aug. 23d, 1878," payable six months after date with ten per cent. interest, and containing the stipulation, " If paid before maturity ten per cent. interest to be deducted from the face of this note, from time of payment until due." On the margin of both the note and the copy were the words " May pay Oct. 20th, '78." · The evidence showed that those words were added by the payee, in pencil, after the delivery of the note, for his own convenience, and as a memorandum of the time at which the defendant stated he would probably pay off the note.

*Held,* that the addition was immaterial, and that it was proper to so instruct the jury.

SAME.—*Instruction modified.*—*Intent inferred from previous Crime.*—There having been evidence on the trial of such cause, that the note in suit had been given for the purchase price of a certain chattel, and that the defendant had, immediately previous to the forgery charged, forged but destroyed a promissory note on a third person for the same purchase price, the defendant asked the court to instruct the jury to disregard the evidence as to the previous forgery, but the court, in giving the same, modified it by adding that such previous forgery, " if proved beyond a reasonable doubt, may be taken into consideration for the purpose of showing * guilty intent" in the forgery charged in the indictment.

*Held*, that the modification was proper.

From the Allen Criminal Circuit Court.

*H. Colerick, R. S. Taylor* and *S. L. Morris*, for appellant.

*T. W. Woollen,* Attorney General, and *S. M. Hench*, Prosecuting Attorney, for the State.

NIBLACK, J.—This was a prosecution against Morris Robinson, for forging the name of Diamond King to a promissory note.

The note was set out in the indictment, as follows :

" $96.　　　　　SHELDON, IND., August 23d, 1878.

" Six months after date, we, or either of us, promise to pay to the order of Andrew J. Taylor ninety-six dollars, payable at Fort Wayne National Bank, Fort Wayne, Ind. Value received, with exchange on New York, and attorney's fees at ten per cent., without any relief whatever from valuation, appraisement, stay or exemption laws, with interest annually at ten per cent. until due, and ten per cent. after due. The drawers and endorsers severally waive presentment for payment, protest, and notice of nonpayment. No interest from date, if paid at maturity. If paid before maturity, ten per cent. interest to be deducted from the face of this note from time of payment until due, date of this note.

" P. O. Po,　　　　　MORRIS ROBINSON. [Seal.]

" Allen County.　　　　　DIAMOND KING. [Seal.]

" No. ——. Due Feb. 23d, 1879.

" May pay Oct. 20th, '78."

The jury trying the cause returned a verdict of guilty, assessing a fine of fifty dollars, and fixing the imprisonment at two-years in the state-prison, and, over a motion for a new trial, a judgment of conviction followed upon the verdict.

Several errors are assigned here upon the proceedings below, but only one is so assigned as to raise any question in this court, and that one is upon the overruling of the appellant's motion for a new trial. All the others fall under the general head of causes for a new trial merely, and consequently do not constitute proper assignments of error. Buskirk Prac. 126, 127 ; *Bridgewater* v. *Bridgewater*, 62 Ind. 82 ; *Myers* v. *Murphy*, 60 Ind. 282 ; *Houston* v. *Bruner*, 59 Ind. 25 ; *Compton* v. *Crone*, 58 Ind. 106 ; *Grant* v. *Westfall*, 57 Ind. 121.

Andrew J. Taylor, the payee of the note, testified upon the trial, that he wrote the words, " May pay Oct. 20th, '78," on the margin of the note for his own convenience, after the note was executed and delivered to him, such words having reference to the time at which the appellant said he expected to be able to take up the note.

The appellant objected to the introduction of the note in evidence against him, upon the ground that this evidence of Taylor showed a material variance between the note executed and delivered to Taylor and the note set out in the indictment. The note was, nevertheless, admitted in evidence over the appellant's objection.

That ruling was not, however, assigned as a cause for a new trial, and for that reason the appellant's exception to it has been waived. *Sharpe* v. *O'Brien*, 39 Ind. 501.

The court upon its own motion instructed the jury, in substance, that if they found that the note introduced in evidence was due at a different time, and payable upon different terms, from the note described in the indictment, such a variance was material, and would acquit the de-

fendant, and added, " But if you find from the evidence in the case, that the words ' May pay Oct. 20th, '78,' were written on the margin of the note described in the indictment in pencil mark by Andrew J. Taylor, at the time and place stated by him in his evidence, and although these words are set out in the indictment, you will not be authorized to find that there is a material variance between the note and the indictment. However, you are the judges of the law as well as the facts in this case ; and if you find that the words ' May pay Oct. 20th, '78,' are a material part of the note set out in the indictment, you should acquit the defendant."

The appellant contends that so much of this instruction as expressed the opinion that the alleged variance was immaterial, provided it appeared that Taylor had written the words, " May pay Oct. 20th, '78," on the margin of the note, as stated by him, was erroneous.

We can not see that the appellant has any cause to complain of this instruction.

We think that by its terms the note set out in the indictment might have been paid at any time before its maturity, and hence might have been paid on the 20th day of October, 1878. The addition, therefore, of the memorandum that it might be paid on that day, whether made before or after the execution of the note, appears to us neither to have added any thing to, nor to have subtracted any thing from, the terms or stipulations of the note as set out in the indictment, and to have constituted an immaterial variance in any view in which the case was presented to the jury.

There was also evidence tending to show that the note set out in the indictment was executed for the alleged purpose of securing the payment of the price of a buggy sold by Taylor to the appellant at a public sale, on a credit of six months, and that the appellant had previous-

ly attempted to forge, or had caused to be forged, the name of one Jacob Keefer, to a note similar to the one set out in the indictment, for the same alleged purpose, but that the appellant had been induced to destroy the note to which Keefer's name was attached, before getting up the note upon which this prosecution was based.

Touching that branch of the evidence the appellant asked the court to instruct the jury as follows :

. " Any evidence, if any, before you in this case, showing or tending to show any former unlawful acts or forgeries by this defendant, should not be considered by you for the purpose of showing the guilty intent of the defendant in this case." This instruction was given by the court but with the following modification : · " But the forgery of any other note connected with the purchase of the wagon by the defendant of Andrew J. Taylor, if proved beyond a reasonable doubt, may be taken into consideration for the purpose of showing such guilty intent." To which modification the appellant excepted.

The appellant asked the court to further instruct the jury, that " If there is in this case any evidence tending to show that the defendant, at any other time, was charged with, or had committed, any other forgery, it is your duty not to consider it as evidence tending to show, or showing, that the defendant committed the offence charged in the indictment in this case."

The court also gave this instruction, but with a modification, substantially, if not precisely, in the same language as the modification to the previous instruction above set out. To this modification the appellant also excepted.

The appellant further contends, that the court erred in the modifications it thus made to both the instructions asked by him as above set forth, and that the action of the court in that respect can not be sustained, either upon principle or authority.

But we see no objection to the modifications complained of. They limited the evidence of previous unlawful acts or forgeries to matters connected with the same transaction to which the note set out in the indictment related. Thus limiting the evidence, we are unable to perceive that these modifications violated any well established rule of evidence, or that they did the appellant any injury or injustice. _Harding_ v. _The State_, 54 Ind. 359.

No sufficient cause has been shown for a reversal of the judgment.

The judgment is affirmed, at the appellant's costs.