No. 8913.

WILLIAMS v. WILLIAMS ET AL.

COSTS.—*Taxation.—Judgment Conclusive.—Supreme Court.*—The Supreme Court will not look into the merits of a cause to determine whether costs are properly taxed, but will regard the verdict and judgment as conclusive upon such question against the unsuccessful party.

SAME.—*Decedent's Insolvent Estate.— Claimant's Action on Administrator's Bond.*—A claimant against a decedent's insolvent estate, having received a part of her claim, and failing, in an action on the administrator's bond, to recover more, may not complain of the overruling of her motion to tax against her adversaries the costs from the commencement of the action until the last payment to her.

From the Huntington Circuit Court.

*L. P. Milligan, J. C. Branyan, C. W. Watkins* and *M. L. Spencer,* for appellant.

*B. M. Cobb,* for appellees.

ELLIOTT, C. J.—A claim for seven hundred and fifty dollars was allowed against the estate of John G. Williams, deceased, represented by the appellee Minerva Williams, in October, 1878, and during the year 1874 the administratrix paid on the claim $244.87. On the 22d day of May, 1878, this action was commenced by the appellant on the bond of the administratrix. A trial was had and verdict returned in appellant's favor on the 17th day of June, 1879. On the motion of the appellees, a new trial was granted. The second trial resulted in a verdict in their favor. The appellant moved to

tax the appellees with all costs which had accrued from the time of the filing of the complaint until the payment of the sum of $338.84, which was some time in September, 1879.

On the 14th day of October following, the appellees filed an answer, alleging the payment of $338.84, that the estate was insolvent, had been so declared by the court, and that the sum paid was all the appellant was entitled to receive.

We think the court did right in overruling appellant's motion. If she had accepted the sum paid as a full satisfaction of her claim, it would have been otherwise; but she chose to demand more, and to compel a trial, and she must accept the result which attends an unsuccessful suitor. Not having recovered an amount sufficient to carry costs, she can not have them taxed against her adversaries.

The case of *The Jeffersonville R. R. Co.* v. *Weinman,* 39 Ind. 231, is not in point. In that case the amount paid by the defendant was accepted in full satisfaction of the claim, and the action dismissed. A full explanation of the case appears in the case of *The Jeffersonville R. R. Co.* v. *Kalen,* 39 Ind. 233, and note.

The appellant did not treat the payment as in full, and was not, of course, precluded from endeavoring to collect the remainder claimed by her in excess of the payment. As she chose to treat the payment as a partial one, and attempted to enforce a claim to a much larger sum, she is not in a situation to demand costs.

We can not look into the merits of a cause to determine whether costs are properly taxed. The verdict and judgment are, upon such a question, conclusive against the unsuccessful party. We can not, in the present case, examine the evidence to ascertain whether the appellees ought or ought not to have recovered judgment. The judgment determines that the appellant was not entitled to any recovery, and we can not, upon a motion such as that filed, look beyond the judgment of the trial court.

Judgment affirmed.