Filed Jan. 22, 1884.

---

No. 11,199.

## MILLER ET AL. *v.* DEARMOND.

COSTS.—*Intoxicating Liquor.—Application for License to Sell.—Remonstrance.—* The sufficiency of a pleading can not be tested by a motion to tax costs, and hence, where an applicant for a license to retail intoxicating liquors fails to make out his case, it is error to tax the costs made by the remonstrators to them, on the ground that their remonstrance was insufficient.

SAME.— *Witnesses.*—It is also error in such case to tax the costs of the remonstrator's witnesses to them, for the reason that they failed to use them.

From the Decatur Circuit Court.

*J. D. Miller* and *F. E. Gavin,* for appellants.

BEST, C.—The appellee filed an application with the board of commissioners of Decatur county for a license to retail intoxicating liquors. The appellants remonstrated on the ground that the applicant was not a fit person to be trusted with such license. The board of commissioners denied the application. An appeal was taken to the circuit court, the cause submitted to a jury for trial, and, after the appellee had offered his evidence, the jury, in obedience to an instruction of the court, returned a verdict against him, upon which a judgment was rendered, denying the application and assessing him

with the costs made in the cause. Thereupon the appellee moved the court to tax all costs made before the board of commissioners and in the circuit court by the appellants against them, on the ground that their witnesses had not been used by them, and on the further ground that the remonstrance filed was not sufficient to authorize them to make any costs. This motion was sustained, and this ruling presents the only question in the record.

The failure of the appellee to make out his case, as the court instructed the jury, was an ample excuse why the appellants did not use their witnesses upon the trial in the circuit court, and hence this ground of the motion will not support the ruling of the court.

Nor will the supposed insufficiency of the remonstrance support the ruling. A pleading can not thus be tested. If insufficient, the question must be raised, in this class of cases, either by motion or demurrer. If not thus raised the objection is waived. After a party has gone to trial upon an issue raised by such pleading, and judgment has gone against him, he can not question such pleading by a motion to tax costs upon such motion. The pleading will be deemed sufficient. The court will not examine the pleadings, nor look beyond the judgment, but, as a general rule, will award the costs to the successful party. *Williams* v. *Williams,* 81 Ind. 113.

There is nothing in this case to take it out of the general rule, and, therefore, the court erred in taxing these costs to the appellants. This ruling should be reversed.

Per Curiam.—It is therefore ordered, upon the foregoing opinion, that the order of the court taxing costs to the appellant be reversed, at the appellee's costs.

Filed Jan. 24, 1884.