Filed June 18, 1891.

128   503
132   102
128   503
154   424

No. 15,068.

## MERRILL v. SHIRK ET AL.

COSTS.—*Retaxing of.— When Motion May be Made.—Bill of Exceptions.*—A motion to modify the judgment and retax the costs in a case may be made at any time during the term when the judgment was rendered, as during that entire term the proceedings are *in fieri.*  It is not necessary that the motion should be extended on the order-book.  It is sufficient if it is brought into the record by the bill of exceptions.

SAME.— *Bill of Exceptions.— What it Must Contain.*—The law does not necessarily contemplate a trial and the introduction of evidence on the hearing of a motion of this character.  A bill of exceptions is sufficient which contains the verified motion to modify the judgment and retax the costs, together with an itemized and a properly certified statement of the costs, and which recites that " all the evidence introduced upon said hearing or heard by the court was the complaint, answer and reply, the verdict of the jury and the judgment of the court in said cause, together with the verified motion and exhibit above referred to."

SAME.—*Action to Quiet Title.—Joinder of with Action for Partition.— Taxation of Costs.—Discretion of Court.*—Where an action to quiet title is joined with an action for partiton, the taxation of costs is governed by section 590, R. S. 1881, and the successful party is entitled to recover his costs, and the court has no discretion to refuse it.  The verdict and judgment are conclusive against the unsuccessful party.

From the Marshall Circuit Court.

*C. Kellison,* for appellant.

*J. D. McLaren* and *E. C. Martindale,* for appellees.

McBRIDE, J.—This was a suit by the appellant against the appellees to recover the undivided one-third of certain land in Marshall county, to quiet her title thereto, and for partition. There was a trial by jury, resulting in a verdict in appellant's favor, and a judgment quieting her title and awarding her partition as prayed.

The only question presented to us in this appeal is on the action of the trial court in refusing to modify the judgment rendered for costs, and this question, the appellee contends, is not properly in the record, and can not be considered by us. In this appellee is mistaken. The cause was commenced March 3d, 1888, and was tried and the verdict returned at the May term, 1888, of the Marshall Circuit Court. Appellees moved for a new trial, and on the 29th day of October, 1888, their motion was overruled and judgment was rendered on the verdict. Commissioners appointed by the court to make partition, made their report December 18th, 1888, the second day of the December term, 1888. Their report was approved and confirmed, and the court made an order taxing the costs in the case, one-third to the appellant and two-thirds to the appellees. The record does not show that any objection was made, or exception taken at the time to this order, but does show that on a later day of the same term appellant filed his motion to modify the judgment and retax the costs. The record further shows that this motion was not ruled upon by the court until the next term, when it was overruled, and that appellant at the time excepted. It is further shown that afterwards, and during the same term, an appeal was prayed to this court, which was granted, and sixty days' time given within which to file a bill of exceptions. This order was made April 19th, 1889, and the bill of exceptions was filed May 22d, 1889.

The motion to modify the judgment and retax the costs, made any time during the term when the judgment was rendered, was in time, as during that entire term the proceedings were *in fieri*.

All of the foregoing facts are shown by order-book entries. The motion to modify the judgment and to retax the costs is not extended on the order-book, but is brought into the record by the bill of exceptions. This is sufficient.

It is also insisted by the appellee that the question is not properly before us, because the bill of exceptions does not purport to contain all the evidence upon which the court acted in ruling upon the motion, and does not contain the technical averment that this was all the evidence given in the cause. This was not necessary. The law does not necessarily contemplate a trial and the introduction of evidence on the hearing of a motion of this character. As above stated, the bill of exceptions contains the motion to modify the judgment and retax the costs. It is verified, and shows that the total costs accrued in the case were $162.60, and that of this sum $120.20 was made on the trial of the issue of title, and the balance only was made in the partition proceeding proper. It is based upon and accompanied by an itemized statement of all the costs taxed in the case, certified to by the clerk.

The bill of exceptions further recites that "all the evidence introduced upon said hearing or heard by the court was the complaint, answer and reply, the verdict of the jury and the judgment of the court in said cause, together with the verified motion and exhibit above referred to." This is sufficient to bring the question before this court, and to authorize a review of the action of the circuit court.

Appellee also insists that the apportionment of the costs is left by the statute solely to the discretion of the trial court, and that unless it is shown that there was an abuse of that discretion this court can not interfere.

Section 1208, R. S. 1881, is as follows: "All costs and

necessary expenses shall be awarded and enforced in favor of those entitled thereto, against the the partitioners, in such proportion against each as the court may determine." This refers only to such costs and expenses as are incident to the partition proceeding proper; but when there is litigation beyond the ordinary question of partitioning the land, the costs made thereby should be taxed to the losing party. Works Practice, section 1464.

Section 590, R. S. 1881, provides that "In all civil actions, the party recovering judgment shall recover costs, except in those cases in which a different provision is made by law."

Special provision is made, as we have seen, for the taxation of costs in partition proceedings, but the joinder of an action to quiet title to land with an action for partition is expressly authorized by section 278, R. S. 1881, and as no special provision is made by law for the taxation of costs in actions to quiet title to land, the taxation of costs in such actions is governed by section 590, *supra*, and the successful party is entitled to recover his costs. In this case the record discloses the fact that there was litigation over the title to the land in which partition was sought.

There was a jury trial, lasting three days, and the appellant was successful. She was therefore entitled to recover the costs made in the trial of that issue, and the court had no discretion to refuse it.

In such case the verdict and judgment are conclusive against the unsuccessful party. *Williams* v. *Williams*, 81 Ind. 113. It must be borne in mind that the error complained of is not that there was error in the *taxation* of costs, but that the court erred in refusing to modify the judgment and award to the successful party a judgment for costs.

The court erred in overruling the motion, and for this error the cause, in so far as the ruling on said motion and judgment for costs is concerned, is reversed, and the circuit court is directed to sustain the motion, modify the judgment, di-

rect the clerk to tax the costs made on the trial of the question of title to the appellee, and render judgment accordingly.

Filed June 18, 1891.