## CHEEK v. THE STATE OF INDIANA.

[No. 21,245.  Filed October 16, 1908.]

1. INDICTMENT AND INFORMATION.—*Duplicity.*—*Rape.*—An indictment charging that defendant "did then and there unlawfully and feloniously touch [the prosecuting witness] * * * in a rude, insolent and angry manner; and * * * did then and there unlawfully and feloniously ravish and carnally know," etc., is not bad for duplicity. p. 99.

2. SAME.—*Rape.*—*Age of Defendant.*—An indictment for rape need not specify the age of the defendant. p. 100.

3. APPEAL.—*Assignments of Errors.*—*Giving or Refusing Instructions.*—*New Trial.*—The giving or refusing of an instruction cannot be assigned independently as error on appeal, but must be made a ground for a new trial. p. 100.

4. SAME.—*Briefs.*—*Setting Out Evidence.*—*References to Transcript.*—Where appellant's brief fails to set out the questioned evidence, or to refer to the page and line of the transcript where it and the exception thereto may be found, the point is waived. p. 100.

5. NEW TRIAL.—*Newly-Discovered Evidence.*—*Presumption Against.*—The presumption is, on a motion for a new trial because of newly-discovered evidence, that a proper effort would have produced such evidence at the trial, and the showing made must be sufficient to overturn such presumption. p. 101.

6. NEW TRIAL.—*Newly-Discovered Evidence.—What Motion Must Show.*—A motion for a new trial because of newly-discovered evidence must set out the facts in detail showing that due diligence was used to discover such evidence before trial, statements that defendant had been in jail, that he had no time nor opportunity to prepare for his trial, that he made all the effort he could to obtain witnesses, and that he exercised all the diligence he could under the circumstances being too indefinite. p. 101.

7. APPEAL.—*Weighing Evidence.*—The Supreme Court will not weigh conflicting evidence. p. 103.

8. JUDGMENT.—*Defective.—Motion to Modify.—Indeterminate Sentence.—Appeal.*—Where no objection was made below to a judgment sentencing defendant, for the crime of rape, to the penitentiary for a term of from three to twenty-one years, no question can be raised thereon on appeal; but such judgment must be read in the light of the statute (§2250 Burns 1908, Acts 1907, p. 85) making such term from two to twenty-one years. p. 103.

From Jay Circuit Court; *John F. LaFollette,* Judge.

Prosecution by The State of Indiana against Thomas Cheek. From a judgment of conviction, defendant appeals. *Affirmed.*

*S. A. D. Whipple, John M. Smith, Charles H. Shockney* and *James J. Moran,* for appellant.

*James Bingham,* Attorney-General, *A. G. Cavins, E. M. White* and *William H. Thompson,* for the State.

MONKS, J.—Appellant was convicted of the crime of rape on the person of a female child under sixteen years of age.

The first error assigned calls in question the action of the court in overruling the motion to quash the indictment.

Appellant insists that the indictment[1] charges an assault and battery, and rape, and is therefore bad for duplicity.

The indictment in *Mills* v. *State* (1875), 52 Ind. 187, 192, 193, was substantially the same as the indictment in this case, and was held sufficient against the ob-

---

1. The indictment reads in part as follows:
   "That Thomas Cheek * * * did then and there unlawfully and feloniously touch [the prosecuting witness] * * * in a rude, insolent and angry manner; and * * * did then and there unlawfully and feloniously ravish and carnally know," etc.—Reporter.

jection of duplicity.   See, also, *Richie* v. *State* (1877), 58 Ind. 355.

It is next insisted that the indictment is bad because it does not allege that appellant, at the time of the commission of the offense, was over the age of seventeen years.

2.   Section 2250 Burns 1908, Acts 1907, p. 85, under which this prosecution was brought, makes no provision in regard to the age of the person charged with the rape of a female child under sixteen years of age.   It is said in 2 Bishop, Crim. Proc. (4th ed.), §954: "Though a boy under fourteen is in law incapable of committing rape, no allegation of the age is required; since, as we have seen, the charge against one of having committed a crime includes that of his capacity therefor."   It is evident that the court did not err in overruling the motion to quash the indictment.

Appellant has assigned as errors the giving of certain instructions by the court; and the refusal of the court to give certain instructions requested by appellant.

Errors, if any, in giving or refusing to give instructions, can only be presented by a motion for a new trial, assigning therein such alleged errors as causes for a new trial.

3.   Being causes for a new trial, no question is presented by assigning the same as independent errors in this court.   *Wurfel* v. *State* (1906), 167 Ind. 191; *Cline* v. *Lindsey* (1887), 110 Ind. 337, 343, and cases cited; *Raper* v. *American Tin Plate Co.* (1901), 156 Ind. 323, 324, and cases cited; *Bane* v. *Keefer* (1899), 152 Ind. 544, 547, 548; Elliott, App. Proc., §§347, 349, 350; Ewbank's Manual, §44, p. 65, §134.

The third error assigned calls in question the action of the court in overruling appellant's motion for a new trial.

Complaint is made by appellant of an alleged ruling of the court excluding a certain paper marked exhibit

4.   B.   A copy of this exhibit is not set out in appellant's brief, nor has he cited in his brief the page

and line where such evidence was offered by him and excluded by the court, and his exception, if any, to such ruling, if made, as required by the rules of this court. It has repeatedly been held by this court that if the appellant fails to specify the page and the line of the record where the ruling, excluding or admitting evidence, may be found, this court will not search the record to find it, but will treat the same as waived. *Inland Steel Co.* v. *Smith* (1907), 168 Ind. 245, 255; *Providence Washington Ins. Co.* v. *Wolf* (1907), 168 Ind. 690, 704, 120 Am. St. 395, and cases cited; *Siberry* v. *State* (1896), 149 Ind. 684, 689; *Chicago, etc., R. Co.* v. *Wysor Land Co.* (1904), 163 Ind. 288, 293, 294, and authorities cited; *Tisdale* v. *State* (1906), 167 Ind. 83, and cases cited; *State* v. *Winstandley* (1898), 151 Ind. 495, 501, 502, and cases cited; Elliott, App. Proc., §440; Ewbank's Manual, §182, p. 277.

Newly-discovered evidence is assigned as a cause for a new trial. This cause for a new trial was supported by affidavits. The presumption against this cause for

5. a new trial is that a proper effort would have produced such evidence at the trial, and such presumption can only be overcome by a satisfactory showing to the contrary, particularly stating the effort made. *Zimmerman* v. *Weigel* (1902), 158 Ind. 370, 372, 373, and cases cited; *Working* v. *Garn* (1897), 148 Ind. 546, 550.

Before a defendant is entitled to a new trial for this cause, he must have used diligence before the trial of the cause to discover and produce the evidence. It is not

6. sufficient to allege that "due diligence was used to discover the evidence," but the particular facts constituting the diligence must be set out. *Skaggs* v. *State* (1886), 108 Ind. 53, 59, 60, and cases cited; *Davis* v. *Davis* (1896), 145 Ind. 4, 6, 7, and cases cited; *M'Intire* v. *Young* (1843), 6 Blackf. 496; *O'Dea* v. *State* (1877), 57 Ind. 31; *State* v. *Clark* (1861), 16 Ind. 97; *Schnurr* v. *Stults* (1889), 119 Ind. 429; *Hines* v. *Driver* (1885), 100 Ind. 315, 321-324,

and cases cited; *Ward* v. *Voris* (1889), 117 Ind. 368, 371, and cases cited; *Vandyne* v. *State* (1891), 130 Ind. 26; *Anderson* v. *Hathaway* (1892), 130 Ind. 528; *Pemberton* v. *Johnson* (1888), 113 Ind. 538; *Allen* v. *Bond* (1887), 112 Ind. 523, 530, and cases cited; *Morrison* v. *Carey* (1891), 129 Ind. 277; *Wall* v. *State, ex rel.* (1881), 80 Ind. 146; *Ragsdale* v. *Matthews* (1884), 93 Ind. 589, and cases cited; *Nordman* v. *Stough* (1875), 50 Ind. 280; *Reno* v. *Robertson* (1874), 48 Ind. 106; *Hamm* v. *Romine* (1884), 98 Ind. 77, and cases cited; *Holman* v. *Langtree* (1872), 40 Ind. 349; 1 Thornton's Civil Code, §352, pp. 813, 814; Gillett, Crim. Law (2d ed.), §952, p. 712.

The statements in appellant's affidavit on the subject of the diligence used to discover said evidence before his trial are "that he has been confined in the county jail since his arrest," "that he has had no time nor opportunity to prepare for his trial or make a defence to the charge against him," "that he made all the effort he could to obtain witnesses, who could testify to any material fact in his defense," and "that he has exercised all the diligence that he could under the conditions and circumstances." Such statements are mere conclusions, and are too general and indefinite to show proper diligence to discover said evidence. No particular facts constituting the diligence used, if any, are stated, as required by the law applicable to such cause for a new trial.

As was said in *Allen* v. *Bond, supra,* at page 530: "The facts constituting the diligence used must be stated. The test is, what did the party do in his first effort to procure the evidence he claims to have discovered since the trial? When this is alleged, it then becomes a question for the court to determine whether due diligence was exercised."

If such applicant for a new trial "has made no effort to ascertain or procure such evidence, then he must show such a state of facts as [to] justify and excuse his inactivity." *Ward* v. *Voris, supra,* and cases cited. It is evident that

said affidavit of appellant neither states any particular facts showing that he used any diligence to procure said evidence before the trial, nor "such a state of facts as would justify or excuse his inactivity."

Two causes assigned for a new trial are (1) that the verdict is contrary to the law, and (2) the verdict is contrary to the evidence.

It is not claimed that there is no evidence to sustain any essential element of the offense charged, but what is said in support of these causes for a new trial goes to

7. the weight of the evidence and the credibility of the witnesses. It is settled that this court cannot weigh the evidence. *Lee* v. *State* (1901), 156 Ind. 541, 546, and cases cited; *Mason* v. *State* (1908), *ante,* 78.

The true age of appellant was found to be thirty-five years, and the court below in pronouncing judgment under the indeterminate-sentence law adjudged that he be

8. imprisoned in the state prison for the term of from three to twenty-one years, instead of from two to twenty-one years, as provided by statute. No objection to this mistake in the judgment was made in the court below, nor was any motion made to modify it so as to conform to the statute. "It is settled law in this State that the form or substance of a judgment cannot be first questioned in this court, but the question must first be presented to the court below by motion to modify, which must specify wherein it should be corrected and modified, and the objection must particularly point out the defect or mistake complained of, and ask that the same be corrected. If the court rules against the party asking such correction, such ruling of the court below must be assigned as error in this court. Unless this is done no objection can be made available for a reversal here, however erroneous in form or substance such judgment may appear to be." *Evans* v. *State* (1898), 150 Ind. 651, 655, 656, and cases cited. And see *Skaggs* v. *State, supra.*

In the case last cited the trial court adjudged, as a part

of the punishment of the appellant for the offense of which he was found guilty, that "he be disfranchised and rendered incapable of holding any office of trust or profit for five years." Said penalty was not assessed by the jury in its verdict, nor was it authorized by the statute defining the offense under which said appellant was convicted. This court said on page 61: "It is not shown by the record before us that appellant either objected or excepted to the judgment, in whole or in part, or that he moved that the trial court modify said judgment, or reject or strike out the clause therein, of which he complains here, as error, for the first time. In this condition of the record, the error of which the appellant complains is not so presented here as to require of us any consideration, or to enable us to relieve him from the erroneous part of such judgment."

. We may say, however, that said judgment must be read and construed in the light of the indeterminate-sentence law, and of §2250, supra, which fixes the minimum punishment at two years and the maximum punishment at twenty-one years for the offense of which appellant was convicted, and that when so read it is, in legal effect, the same as if it adjudged appellant's imprisonment in the state prison for from "two to twenty-one years." Van Fleet, Collat. Attack, §§740, 742, 743. See Terry v. Byers (1903), 161 Ind. 360, 362, 363.

Finding no available error in the record, the judgment is affirmed.