### HURST v. STATE.  (7 Div. 204.)

(Court of Appeals of Alabama.   April 6, 1926.)

1. **Homicide** ⊕⇒169(1)—**Evidence of insult to defendant's aunt by prosecuting witness on morning before night of shooting held properly excluded in trial for assault to murder.**

In trial for assault with intent to murder, evidence that insult to defendant's aunt was uttered by prosecuting witness on morning before night of shooting *held* properly excluded.

2. **Criminal law** ⊕⇒829(1).

Court need not give charges fairly and substantially covered by oral charge.

3. **Criminal law** ⊕⇒789(12)—**Charge that, to convict of assault to murder, jury must be satisfied to moral certainty that proof is wholly inconsistent with any rational conclusion except guilt, and so convinced that each would venture to act on his own interest, held properly refused.**

Charge that, to convict of assault to murder, jury must be satisfied to moral certainty that proof is not only consistent with defendant's guilt but wholly inconsistent with any other rational conclusion, and so convinced of guilt that each would venture to act on his own interest, *held* properly refused.

4. **Homicide** ⊕⇒257(1), 268.

Evidence *held* sufficient to take to jury question of defendant's guilt, and sustain conviction of assault with intent to murder.

5. **Criminal law** ⊕⇒1208(9)—**Sentence to fixed term of imprisonment for assault with intent to murder held erroneous, in view of Indeterminate Sentence Law (Code 1923, §§ 3303, 5267, 5268).**

On conviction of assault with intent to murder, indeterminate sentence within limits of statute should be pronounced in accordance with provisions of Code 1923, §§ 3303, 5267, 5268, and sentence to fixed term of five years' imprisonment was erroneous.

Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.

Curtis Hurst was convicted of assault with intent to murder, and he appeals. Affirmed and remanded for proper sentence.

Charge 24, refused to defendant, is as follows:

---

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"(24) The court charges the jury that before you can convict the defendant, you must be satisfied to a moral certainty, not only that the proof is consistent with the defendant's guilt, but that it is wholly inconsistent with any other rational conclusion; and unless the jury is so convinced by the evidence of the defendant's guilt that you would each venture to act upon your own interest, then you must find the defendant not guilty."

Pruet & Glass, of Ashland, for appellant.

Defendant should have been permitted to show that, a short time before the shooting, defendant's aunt had informed him of insulting remarks alleged to have been made by the party assaulted. Noles v. State, 26 Ala. 31, 62 Am. Dec. 711; Flanagan v State, 46 Ala. 703; Gafford v. State, 25 So. 10, 122 Ala. 54. The refusal to give charge 24, requested by defendant, constituted error. Pickens v. State, 22 So. 551, 115 Ala. 47; Burton v. State, 18 So. 284, 107 Ala. 109; Brown v State, 18 So. 811, 108 Ala. 18.

Harwell G. Davis, Atty Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

Evidence as to a purported insult offered by the assaulted party to defendant's aunt was properly excluded. Gafford v State, 25 So. 10, 122 Ala. 54; Rogers v. State, 22 So. 666, 117 Ala. 9; Lynch v. Com., 77 Pa. 205; Commander v. State, 60 Ala. 1. Charge 24 is bad. Jones v. State, 61 So. 434, 181 Ala. 63; Shorter v. State, 96 So. 890, 209 Ala. 678.

BRICKEN, P. J [1] The undisputed testimony in this case disclosed that Isaac Mitchell, the alleged injured party, was called from his home on the night of November 11, 1923, and was shot in the back by this defendant with a shotgun, and while the defendant gave some evidence in an attempt to show that the shooting was done in self-defense, it is clearly evident, from the record, that the motive or incentive which prompted him to call Mitchell from his house at night and shoot him was a purported insult alleged to have been directed to a Mrs. Davis, aunt of defendant, on the morning of the same day the shooting was done at night. His several attempts on this trial to show that the insult was uttered by defendant were properly disallowed by the court, and the rulings of the court in this connection, to which exceptions were reserved, were so clearly free from error they need not be discussed. These rulings, and the refusal to defendant of certain special written charges, are the basis upon which this appeal is predicated.

There were no exceptions to the court's oral charge, nor was it susceptible to meritorious exception. This court approves the most excellent oral charge in this case. It was full, fair, and able, containing as it did correct statements of every phase of the law governing the issues involved upon the trial in this cause.

[2] Charges A, 11, 17, 23, and 25 refused to defendant were fairly and substantially covered by the oral charge; therefore the court was under no duty to give these charges. The defendant had the benefit of the propositions of law involved.

[3] Refused charge 24 is not the law The former Supreme Court decisions approving this charge have been overruled on this point. Jones v. State, 61 So. 434, 181 Ala. 63.

[4] Charge 2, refused, was the affirmative charge. There is no phase of this case under which the defendant was entitled to have the court direct a verdict in his behalf.

The motion for a new trial contained several grounds. Each of the grounds, however, was a mere repetition of questions which arose upon and were properly adjudicated on the main trial. There were additional grounds to the effect that the verdict of the jury was contrary to the law and evidence. But to this we do not accord. There was ample evidence to support and sustain the verdict of the jury and the judgment rendered. The motion for new trial was properly overruled.

[5] No error appears in any ruling of the court on the trial of this case, and the record proper shows correct and regular proceedings. However, we note that a fixed term of imprisonment of five years was pronounced, and this character of sentence, under the present statute, is erroneous. The court should have imposed an indeterminate sentence in this case, and such sentence should be within the limits of the minimum and maximum punishment prescribed by statute for an offense of this character; that is to say, the court should have sentenced the defendant to imprisonment in the penitentiary for an indeterminate term of imprisonment of not less than two years nor more than twenty years (Code 1923, § 3303), any term within the limits therein prescribed. In passing sentence upon this appellant, for which purpose this cause must of necessity be remanded to the lower court, the court's attention is directed to sections 3303, 5267, and 5268 of the Code 1923. An indeterminate sentence in accordance with the provisions of said sections should be pronounced. For that specific purpose this cause is remanded to the lower court. Judgment of conviction is affirmed. Cause remanded for proper sentence.

Affirmed. Remanded for proper sentence.