WILLIAMS *v.* STATE OF INDIANA.

[No. 29,122. Filed May 24, 1954.]

*James C. Cooper,* Public Defender, and *Richard M. Givan,* Deputy Public Defender, for appellant.

*Edwin K. Steers,* Attorney General, and *Carl Franceschini* and *Frank E. Spencer,* Deputy Attorneys General, for appellee.

BOBBITT, J.—Appellant, on his plea of guilty, was sentenced by the Scott Circuit Court on March 30, 1953, under Acts 1915, ch. 179, §1, p. 654, being §10-1402,

Burns' 1942 Replacement, to the Indiana Reformatory for a period of 5 years, for failure to provide for his children. This sentence was suspended upon payment of $15 per week as support for his wife and children. On June 4, 1953 the suspension was revoked and appellant committed to the Indiana Reformatory.

On November 25, 1953 the Public Defender of Indiana filed, on behalf of appellant, what he denominated a "Petition for Correction of Judgment *Nunc Pro Tunc*," asking the Scott Circuit Court to amend and correct the judgment under which appellant was committed to the Indiana Reformatory for the alleged reason that the court mistakenly and inadvertently assessed a penalty for a determinate period of 5 years, when the statute under which appellant was charged[1] provided an indeterminate sentence of not less than 1, nor more than 7 years. From an order denying such petition, this appeal is prosecuted. The sole error assigned is the denying and overruling of appellant's petition to amend and correct said judgment.

*First:* Appellee asserts that the procedure followed by appellant herein is unknown to the procedural law of this state.

Appellant relies upon *Cheek* v. *State* (1908), 171 Ind. 98, 85 N. E. 779, to sustain his method of procedure. In *Cheek* v. *State, supra,* at p. 103, 171 Ind., it is said:

> " 'It is settled law in this State that the form or substance of a judgment cannot be first questioned in this court, but the question must first be presented to the court below by motion to modify, which must specify wherein it should be corrected and modified, and the objection must particularly point out the defect or mistake complained of, and ask that the same be corrected. If the court

1. Acts 1915, ch. 179, §1, p. 654, being §10-1402, Burns' 1942 Replacement.

rules against the party asking such correction, such ruling of the court below must be assigned as error in this court. Unless this is done no objection can be made available for a reversal here, however erroneous in form or substance such judgment may appear to be.' "

The error here alleged is, we believe, such as should have been first presented to the trial court by a motion to modify the judgment. *Cheek* v. *State* (1908), 171 Ind. 98, 103, 85 N. E. 779, *supra; Evans* v. *State* (1898), 150 Ind. 651, 655, 50 N. E. 820; *Leinberger* v. *State* (1933), 204 Ind. 311, 315, 183 N. E. 798; *Alstott* v. *State* (1933), 205 Ind. 92, 95, 185 N. E. 896; 2 F. W. & H. Ind. Tr. & App. Prac. §1782, p. 368.

However, a motion to modify a judgment must be filed in the term in which the judgment was entered, or before the ruling on a motion for a new trial if such ruling is made at a subsequent term of court. *Merrill* v. *Shirk* (1891), 128 Ind. 503, 505, 28 N. E. 95; 2 F. W. & H. Ind. Tr. & App. Prac. §1783, p. 369.

This court will take judicial notice that the March, 1953, term of court in Scott County began on the second Monday of March, and continued until the second Monday in April.[2]

Appellant seeks here by this action the correction of an error in the judgment itself—the correction of a judicial mistake—he is not attempting to correct the judicial record to make it speak the truth or to record properly the judgment actually rendered by the court. The record as it now stands speaks the truth concerning what was actually done by the court. It shows the judgment as actually rendered. Such errors cannot be corrected after term

2. Acts 1935, ch. 137, p. 484, §4-332, Burns' 1946 Replacement.

merely by the entering of a new judgment *nunc pro tunc,* and on the issues as presented to the trial court in this action its decision in denying appellant's petition for correction of judgment *nunc pro tunc* was correct. *Todd* v. *State* (1951), 229 Ind. 664, 689-690, 101 N. E. 2d 45; *Harris* v. *Tomlinson* (1892), 130 Ind. 426, 30 N. E. 214; *Perkins* v. *Hayward* (1892), 132 Ind. 95, 31 N. E. 670.

*Second:* However, it is apparent on the record that an injustice has been done appellant. The statute under which he was sentenced provides for an indeterminate sentence of not less than 1 year, nor more than 7 years. He was sentenced by the court upon a plea of guilty to a determinate sentence of 5 years. He was not represented by counsel because of his refusal to permit the court to appoint an attorney for him. Whether or not a motion to modify the judgment would have been timely filed and the error of the court in pronouncing sentence have been corrected, either by the trial court or by this court on appeal, if appellant had had competent counsel, we neither attempt to say nor assume. However, it is clear to us that appellant is now serving an erroneous sentence of 5 years in the Indiana Reformatory.

Can it be said that because the term of court in which appellant was sentenced has long ago expired and he failed to invoke the remedy then available to him, there is now no available remedy for the wrong inflicted upon him?

The failure to impose the punishment prescribed by statute was a mistake or inadvertence of the trial court. The error committed was one of substance and not of form or mere omission of the clerk, yet its correction would not involve the reopening of the case or the retrial of any question of fact.

The only error of which appellant complains is in the sentence. The power of a court of record to correct erroneous sentences and to impose proper ones has long been recognized. *People ex rel. Miresi* v. *Murphy* (1938), 2 N. Y. S. 2d 731, 253 App. Div. 441, and cases there cited; *Bryant* v. *United States* (1914), 8 Cir., 214 Fed. 51; and

"The power to amend imperfect records of past proceedings extends to criminal as well as to civil proceedings." *Walker* v. *State* (1885), 102 Ind. 502, 514, 1 N. E. 856.

If §10-1402, *supra,* provides an indeterminate sentence of 1 to 7 years appellant is serving a sentence which the trial court had no right to impose. This question is presented to us by appellant's assignment of error, which is accompanied by a proper bill of exceptions, and is fully discussed in his brief.

Appellee concedes that §10-1402, *supra,* is controlled by the indeterminate-sentence law, Acts 1927, ch. 200, §3, p. 574, being §9-1819 to §9-1821, inclusive, Burns' 1942 Replacement, and in this we concur.

The statute under which appellant was sentenced fixed the penalty for the violation thereof at imprisonment in the state prison or reformatory for not more than 7 years nor less than 1 year. This is clearly an indeterminate sentence. *Saraceno* v. *State* (1931), 202 Ind. 663, 177 N. E. 436; *Hurst* v. *State* (1926), 21 Ala. App. 313, 108 So. 77.

Section 10-1402, *supra,* when read with the indeterminate-sentence law, determined the sentence to be pronounced upon appellant as a term of not less than 1 year, nor more than 7 years. The court could neither diminish nor enlarge the sentence thus imposed. Neither could it sentence appellant for a determinate period of

time within the minimum and maximum limits prescribed by statute.

The trial court erred in sentencing appellant to the Indiana Reformatory for a determinate period of 5 years. Under the circumstances as presented by the record in this case we have no other alternative than to order the trial court to correct the erroneous sentence imposed upon appellant and to enter a proper one. Therefore, this case is remanded to the trial court for the specific purpose of correcting the erroneous sentence imposed upon appellant on March 30, 1953, so that his sentence, when corrected, will be for an indeterminate term of not less than 1 year, nor more than 7 years as the statute provides.

Remanded for proper sentence.

NOTE.—Reported in 119 N. E. 2d 547.