No. 10,366.

## ZELLER v. GRIFFITH, ADMINISTRATOR.

DECEDENTS' ESTATES.— *Pleading.*— *Statute of Limitations.*—Under section 2324, R. S. 1881, the defence of the statute of limitations is available to an administrator or executor without being specially pleaded.

SAME.—*Claim.*—*Evidence.*—*Harmless Error.*—In support of a claim against an estate for money paid on an execution against the decedent in his

Zeller *v.* Griffith, Administrator.

lifetime, the return on the execution, showing a payment more than six years before the filing of the claim, was offered in evidence and excluded. *Held,* that, if error, it was harmless.

NEW TRIAL.—*Newly Discovered Evidence.—Diligence.—Counter Affidavits.*— Counter affidavits are admissible, in an application for a new trial on account of newly discovered evidence, upon the question of diligence.

From the Montgomery Circuit Court.

*M. Thompson, W. H. Thompson* and *J. R. Courtney,* for appellant.

*G. W. Paul* and *J. E. Humphries,* for appellee.

ELLIOTT, J.—Appellant filed a claim against the estate of Patrick McGrath, deceased; the cause was tried by a jury and a verdict returned in favor of the appellee, on which judgment was entered over appellant's motion for a new trial.

Appellant offered in evidence a return to an execution issued on a judgment rendered in favor of one James B. Wilder against the decedent. The court refused to permit it to be introduced, and exception was reserved. We do not think any available error was committed in excluding this evidence. The payment on the execution was made more than seven years before the claim was filed, and, consequently, no recovery could be had for the money thus paid. The bar of the statute, as the evidence fully and plainly discloses, precluded a recovery, and the error, if error it was, in excluding the evidence could not possibly have harmed the appellant.

Under the act of 1881 the defence of the statute of limitations was available without being specially pleaded. R. S. 1881, sec. 2324; *Jennings* v. *McFadden,* 80 Ind. 531.

The court did not err in permitting the appellee to file an affidavit contradicting the statements of the appellant's affidavit, filed in support of his motion for a new trial, upon the ground of newly discovered evidence. It is certainly proper to file counter affidavits upon the question of diligence, and that is all this case requires us to decide. 3 Graham & Wat. New Trials, 1069; *Finch* v. *Green,* 16 Minn. 355.

VOL. 89.—6

The affidavit of the appellee very plainly shows that the appellant did not use ordinary diligence to secure the testimony of the witness, and, as there was a. lack of diligence, the court did right in denying the motion. The verdict is supported by the evidence.

Judgment affirmed.

Opinion filed at the November term, 1882.
Petition for a rehearing overruled at the May term, 1883.