Pemberton *et al. v.* Johnson.

No. 13,061.

PEMBERTON ET AL. *v.* JOHNSON.

SUPREME COURT.—*Preponderance of Evidence.—Reversal of Judgment.*—The Supreme Court will not reverse a judgment merely because the preponderance of the evidence seems to be against it.

NEW TRIAL.—*Newly Discovered Evidence.—Diligence.*—A statement in an affidavit for a new trial, on the ground of newly discovered evidence, that the party made inquiries among such persons as would be likely to know about the facts in the case, and that he did not know, and did not learn that said witnesses knew or would swear to the facts stated, until after the trial, is too general and indefinite to show proper diligence to discover the evidence.

From the Grant Circuit Court.

*A. Steele, R. T. St. John, A. E. Steele, R. G. Steele, J. A. Kersey* and *L. D. Baldwin,* for appellants.

*G. W. Harvey,* for appellee.

ZOLLARS, J.—Appellee brought this action to recover a judgment upon a promissory note, and to foreclose a mortgage given to secure its payment.

The note was executed by appellant Elihu W. Pemberton. The mortgage was executed by him and his wife, and co-appellant, Arcadia Pemberton, upon real estate which he then owned. Subsequently the real estate was conveyed to the wife in payment of a debt which the husband owed her.

The overruling of appellants' motion for a new trial is assigned as error.

It is contended by appellants that the finding and judgment of the court below are not sustained by sufficient evidence and are contrary to law. The claim on their part is, that the note was given for a greater amount than was due from Elihu W. Pemberton to appellee ; that the amount was increased by adding thereto usurious interest for four years in advance, and that appellants should have credit for a payment of $350, which the court below, as it is claimed, did not allow.

These claims were, and are, combated by appellee. It is well settled that this court can not reverse a judgment because, apparently, the preponderance of the evidence is against it. When it is ascertained that there is evidence tending to sustain the finding and judgment below upon every material issue, the duty of this court in that regard is at an end. The court below heard all of the evidence, had the parties before it, and settled the conflict in the evidence by its finding and judgment.

The judgment is much less than appellee claimed, and more than appellants claim that it should be. By just what process of calculation the court arrived at the amount of the judgment we are not informed, but, as the evidence is conflicting, we must assume that the court reached a just and proper conclusion.

Appellants further contend that a new trial should have been granted on account of newly discovered evidence. The difficulty with that claim is, that proper diligence to discover the evidence before the trial was not shown. The statement in the affidavit of appellant Arcadia Pemberton is, that "she and her husband made inquiries amongst such persons as would be likely to know about the facts in said cause, and she did not know, and did not learn that said witnesses knew or would swear to said facts (stated in her affidavit), until after the trial."

It has been held by this court that such a statement is too general and indefinite to show proper diligence to discover the evidence. That question was so fully and thoroughly discussed in the recent case of *Hines* v. *Driver*, 100 Ind. 315, with a citation of authorities, that we need add nothing further here. See, also, *Du Souchet* v. *Dutcher*, *ante*, p. 249. And, besides, of the three witnesses whom appellants claim to have discovered subsequent to the trial, two of them stated in their affidavits that when they heard the statements by appellee to which they would testify, they were in company with the appellant Elihu W. Pemberton. Of those two

witnesses, therefore, appellants, or at least Elihu W., must have had knowledge before the trial. It is not shown that any inquiry was made of them before the trial.

The record presents no error for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed March 6, 1888.