Filed Oct. 11, 1890.

No. 14,090.

## SHEWALTER v. WILLIAMSON.

NEW TRIAL.—*Newly Discovered Evidence.*—*Materiality of.*—*Complaint Must Show.*—A complaint for a new trial for newly discovered evidence must show upon its face that the newly discovered evidence is material to some matter in question in the case, and all the facts essential to the validity of the complaint must be stated in the body of the pleading as in ordinary cases.

From the Jay Circuit Court.

*J. M. Smith* and *C. Corwin*, for appellant.

*D. T. Taylor* and *R. H. Hartford*, for appellee.

MITCHELL, J.—The only question involved in this appeal relates to the propriety of the ruling of the court in sustaining a demurrer to the plaintiff's complaint. The proceeding was instituted after the term at which a judgment had been rendered against the plaintiff below, for the purpose of procuring a new trial on the ground of newly discovered evidence.

An examination of the complaint makes it clear that it does not state facts sufficient. It can not be necessary or useful to set out the complaint. It is quite sufficient to say,

eliminating the pleadings and evidence in the original case, which are filed as part of the complaint under examination, it does not appear what questions were in issue in the case in which a new trial is sought to be obtained, nor does it appear how the newly discovered evidence is material.

It is averred in the complaint that an action was pending in the Jay Circuit Court, and that the defendant or appellee in the present case recovered a judgment against the appellant for a specified sum. The pleadings and evidence are set out, and then after averring that the court in announcing its judgment, allowed the defendant certain items of account, it is alleged that since the trial the appellant has discovered certain receipts, and a certain written contract. While it may be inferred from an examination of the pleadings and evidence taken in the original case that the receipts and contract referred to were material to some inquiry involved in the trial, yet there are no averments of fact in the complaint which show that these papers were relevant to any inquiry before the court. If it had been averred, for example, that it became a material question at the trial of the cause whether or not certain items of account had been paid, and that the defendant testified that they had not been paid, and that the plaintiff had since found receipts signed by the defendant covering those items, the court might then see the materiality of the receipts. *Blackburn* v. *Crowder*, 110 Ind. 127. There is no averment of that character in the complaint, nor is there any other averment from which the materiality of the receipts or contract appears. A complaint for a new trial for newly discovered evidence must show upon its face that the newly discovered evidence is material to some matter in question in the case, and all the facts essential to the validity of the complaint must be stated in the body of the pleading as in ordinary cases. *Glidewell* v. *Daggy*, 21 Ind. 95; *Hines* v. *Driver*, 100 Ind. 315.

Without determining whether or not the facts averred show sufficient diligence in not discovering the evidence be-

fore the trial was concluded, we are clear that the demurrer was properly sustained because of the defect above pointed out.

Judgment affirmed, with costs.

Filed Oct. 14, 1890.