Filed Oct. 13, 1891.

———————

## No. 15,922.

## MORRISON v. CAREY ET AL.

NEW TRIAL.—*Newly-Discovered Evidence.—Diligence.*—A party seeking a new trial on the ground of newly-discovered evidence must establish every element of such a case strongly, clearly and satisfactorily. The diligence used to discover the evidence in time to use it on the trial must be fully set forth in the application. It is not sufficient to state generally that he had been diligent in making inquiries of those whom he supposed likely to know anything of the case; all the facts constituting the diligence must be shown.

SAME.—*Character of Newly-Discovered Evidence to Warrant the Granting of a New Trial.*—The newly-discovered evidence must be of a very material and decisive character. It must not be cumulative, and should be such as

| | |
|---|---|
| 129 | 277 |
| 130 | 537 |
| 129 | 277 |
| 134 | 114 |
| 134 | 494 |
| 129 | 277 |
| 142 | 253 |
| 129 | 277 |
| 144 | 391 |
| 145 | 5 |
| 129 | 277 |
| 148 | 550 |
| 129 | 277 |
| 157 | 271 |
| 129 | 277 |
| 165 | 157 |
| 129 | 277 |
| 170 | 654 |

to render it reasonably certain that another trial would bring about a different result.

From the Porter Circuit Court.

*A. L. Jones, N. L. Agnew* and *D. E. Kelly,* for appellant.
*S. O. Spencer* and *E. D. Crumpacker,* for appellees.

COFFEY, C. J.—On the 21st day of January, 1888, the appellee William H. Carey commenced an action in the Lake Circuit Court against the appellant, to recover on an account for work and labor, for personal property sold and delivered, for money loaned and money paid out and expended by the appellee for the use of the appellant. The venue was changed from Lake to Porter county, where the cause was tried, resulting in a judgment, on the 9th day of November, 1889, in favor of Carey for the sum of three thousand dollars. The judgment was assigned to the appellee Crumpacker on the 7th day of January, 1890.

This action was commenced on the 26th day of May, 1890, to obtain a new trial on account of newly-discovered evidence.

A trial of the cause resulted in a finding and judgment for the appellees, from which this appeal is prosecuted.

This is an independent action, wholly disconnected from the one in which the judgment was rendered, and as such must stand or fall upon its own merits. *Hines* v. *Driver*, 89 Ind. 339; *Glidewell* v. *Daggy*, 21 Ind. 95; *Sanders* v. *Loy*, 45 Ind. 229; *Hiatt* v. *Ballinger*, 59 Ind. 303.

It is the well settled rule that applications of the kind now before us are regarded by the courts with disfavor. It is said: "Motions of this kind ought to be received with great caution, because there are few cases tried in which something new may not be hunted up, and because it tends very much to the introduction of perjury, to admit new evidence after the party has lost the verdict, has had an opportunity of discovering the points both of his adversary's strength and his own weakness. * * It is infinitely bet-

ter that a single person should suffer mischief than that every man should have it in his power, by keeping back part of his evidence and then swearing it was mislaid, to destroy verdicts and introduce new trials at their pleasure." *Moore* v. *Philadelphia Bank*, 5 S. & R. 41 ; *Baker* v. *Joseph*, 16 Cal. 173.

In the latter case cited it was said : "Applications for this cause are regarded with distrust and disfavor. The temptations are so strong to make a favorable showing, after a defeat in an angry and bitter controversy involving considerable interest, and the circumstances that the testimony has just been discovered, when it is too late to introduce it, so suspicious, that courts require the very strictest showing to be made of diligence, and all other facts necessary to give effect to the claim."

The law favors the diligent, and punishes the negligent. A party seeking a new trial on account of evidence discovered since the termination of the controversy between him and his adversary must, if he succeed, establish every element of such a case strongly, clearly, and satisfactorily. The strong presumption is that by the proper effort the party might have discovered the evidence and used it on the trial; and that his failure to do so is owing to intentional omission, or to unpardonable neglect, and to overcome this presumption a case must be made free from delinquency. The diligence used must be fully set forth in the application. If it consisted in making inquiries, the time, place, and circumstances must be stated, to the end that the court may know that such inquiries were made in the proper quarter, and in due season. It is not sufficient to state generally that he had been diligent in making inquiries of those whom he supposed likely to know anything of the case ; all the facts constituting the diligence must be shown.

The newly-discovered evidence must be of a very material and decisive character. It must not be cumulative, and should be such as to render it reasonably certain that an-

Morrison *v.* Carey *et al.*

other trial would bring about a different result.    *Ward* v. *Voris,* 117 Ind. 368 ; *Hines* v. *Driver,* 100 Ind. 315 ; *Pemberton* v. *Johnson,* 113 Ind. 538.

In this case some of the newly-discovered evidence is merely cumulative, and need not be considered. That which is not cumulative consists of declarations made by the appellee Carey nearly sixteen years before the trial of this cause. It is not claimed that the appellant made any effort to discover this evidence previous to the trial of the cause between him and Carey, but it is urged as an excuse for not making such effort that he did not know, and had no reason to believe, that such evidence existed. Each of the witnesses upon whose evidence a new trial is sought was orally examined on the trial of this cause.    Evidently the circuit court, after hearing all the evidence, reached the conclusion that the appellant had not used that diligence to discover this evidence, before the trial of the former cause, which the law requires.

It probably, also, reached the conclusion that the newly-discovered evidence was not of a character to change the result.

With these conclusions of the circuit court we can not interfere.

The declarations were not well identified, and. as to some of them the witnesses differ as to what was actually said. Considering the time that had intervened between the declarations and the trial of this cause, and the imperfections attaching to this class of testimony, we can not say that the court erred in holding it not sufficient to warrant the granting of a new trial.

Judgment affirmed.

Filed Oct. 9, 1891.