No. 214.

## WESTBROOK *v.* AULTMAN, MILLER & COMPANY.

NEW TRIAL.—*Newly-Discovered Evidence.—Cumulative or Corroborative Evidence.*—A new trial will not be granted because of newly-discovered evidence that is merely cumulative, or corroborative of the testimony of a witness who has testified on the trial; nor for evidence that would not probably change the result.

SAME.—*Counter-Affidavits.*—Upon a motion for a new trial because of newly-discovered evidence, counter-affidavits may be filed.

EVIDENCE.—*Cross-Examination.— Witness Explaining on Re-Examination.*—Where a witness is asked a question on cross-examination concerning his conduct, or action, to affect his statement made in his examination in chief, he may be permitted on re-examination to explain such conduct or actions.

INSTRUCTIONS.—*Refusal when Covered by Another Instruction.*—It is not error to refuse an instruction covered by another instruction given to the jury.

From the La Grange Circuit Court.

*R. Lowrey* and *J. W. Hanna,* for appellant.

*O. L. Ballou,* for appellee.

ROBINSON, J.—The appellee, a corporation, brought this action against the appellant to recover one hundred and fifty dollars and interest, the price of one Buckeye Folding Binder, sold and delivered by the appellee to the appellant.

The answer was general denial.

The case was tried by a jury, a general verdict was returned for the appellee, with answers to interrogatories submitted by the court, on its own motion, and judgment was rendered on the verdict, over appellant's motion for a new trial. The overruling of the motion for a new trial constitutes the assignment of error.

The evidence is in the record, from which it appears that the appellee sought to prove, on the trial, that the machine was sold to appellant with a warranty that it would do good work, while the appellant sought to prove that Huss & Musser, agents of the appellee, induced him to take the ma-

chine into possession; that it was temporarily in his posses-
sion, and that such possession was for the purpose of trial
only; that the purchase of the machine by him was to de-
pend on whether it worked to the satisfaction of appellant's
son, Otis Westbrook, and be approved by him; that it did
not do good work, and was not satisfactory to his son, Otis,
nor was it satisfactory to the appellant.

The argument of counsel is first addressed to the cause in
the motion for a new trial, on the ground of newly-discov-
ered evidence, which is based upon the affidavit of appel-
lant, Thomas S. Trittipo, William B. Price and Phebe I.
Selby, which affidavits present substantially the following
facts:   The appellant stated in his affidavit that he was not
a machinist, and had no knowledge of the mechanism and
the construction of such machines as was claimed in the
complaint in this action to have been sold to him, and did
not know until after said trial that the capacity of said ma-
chine, or its adaptability to do the work for which it was in-
tended, could be ascertained and determined by an examina-
tion and inspection of the machine itself without its being
put in operation, and, on the contrary, was wholly ignorant
of such being the fact, but had learned since the trial of
said cause, and believed the same to be true, that persons
skilled in the construction and operation of such machinery
could by inspection determine with certainty whether such
machine was susceptible of being successfully operated;
that Thomas S. Trittipo and William B. Price had such
knowledge and acquaintance with such class of machinery
as to enable them to ascertain and determine such facts; that
they had, since said trial, made such an examination of said
machine as that he could prove by said Trittipo and Price
that said machine was so constructed that it could not in the
nature of things do good work, for the reason that its con-
struction was such that, when in the act of binding, the
needle of said machine would strike into the tripper-board
with such force that it would necessarily check the motion.

Westbrook v. Aultman, Miller & Company.

of the machine, causing a jerking and partial stoppage, thereby causing and requiring a greatly increased amount of horse-power to keep the machine in motion, impeding the operation of and greatly increasing the strain upon the machine itself; that by reason of his being so uninformed as to the practicability of ascertaining such facts, he did not call upon any person to make an examination of said machine for said purpose before said trial; that said witnesses resided in La Grange county, and in case of a new trial being granted their testimony in proof of said facts could be readily obtained; that although before the trial of said cause he made diligent inquiry in and about the neighborhood of La Grange, in said county, where appellant and the agents of the appellee, who claimed to have sold him said machine, resided, of persons who appellant had reason to suppose knew anything about the transaction which was the subject-matter of this suit, concerning what they knew of the subject, or might have heard the agents of appellee say in reference thereto. The affidavit further shows that appellant did not learn or know until after the trial of said cause that one Phebe Selby had any knowledge or information about such subject; that since said trial he had learned that said Phebe Selby had heard appellant say to Ezra Huss, the agent of the appellee who claimed to have made the sale of said machine to the appellant, on the third day succeeding that on which said sale was claimed to have been made, that said machine did not do good work, and that he would not buy it, and that he wanted said Huss to remove it from his, appellant's, place, and that said Huss requested appellant to permit him to leave said machine on appellant's premises for a short time, and appellant thereupon told said Huss that he did not want it on his place, that it did not suit Otis Westbrook; that the opportunity of making said proof by the testimony of said witness was unknown to the appellant before and at the time of said trial, notwithstanding the use by him of the diligent inquiry aforesaid; that in case a new

trial was granted said testimony could be readily procured. From the affidavit of Trittipo and Price it was shown that they had the knowledge of machinery as alleged in appellant's affidavit; that they had made an inspection and an examination of the machine sued for; that the result of said examination was truly stated by appellant in reference to the defective construction of said machine and they would testify to the same being true, etc.

The purport and effect of the affidavit of Phebe Selby was, that she would testify that she had heard the conversation between appellant and Ezra Huss, the agent of the appellee, as set out in the appellant's affidavit.

The appellee filed the counter-affidavit of its agent, Ezra Huss, denying the statements contained in the affidavit filed by the appellant in support of the motion for a new trial on account of newly-discovered evidence, and showing, among other things, that Phebe Selby was the widowed daughter of the appellant; that for years before the sale of said machine, at the time the machine was taken to appellant's farm, and ever since, she had been a member of appellant's family, and had no other home; that by reasonable diligence appellant could have procured the evidence of said witness at said trial if, in fact, the statements in her affidavit were true; that William B. Price testified in behalf of the appellant on the trial of said cause, as an expert, about the same matters which he would testify to upon a new trial of said cause; that said Thomas S. Trittipo had no knowledge of the construction or working of machinery, etc.

No doubt the practice in this State is not common to hear counter-affidavits on motions for new trials on account of newly-discovered evidence, but in the case of *Zeller* v. *Griffith*, 89 Ind. 80, it was held that "The court did not err in permitting the appellee to file an affidavit contradicting the statements of the appellant's affidavit, filed in support of his motion for a new trial upon the ground of newly-discovered evidence. It is certainly proper

to file counter-affidavits upon the question of diligence, and that is all this case requires us to decide. 3 Graham and Wat. New Trials, 1069; *Finch* v. *Green*, 16 Minn. 355." In determining the question on the motion for a new trial, upon the ground of newly-discovered evidence, it will not become necessary to go beyond the rule as declared in *Zeller* v. *Griffith, supra*. Upon the question of diligence, the counter-affidavit shows facts in relation to the evidence of Phebe Selby which it would seem almost impossible that her father, the appellant, should not have by reasonable diligence known before the trial, and especially as the newly-discovered evidence was a purported conversation between the appellant and Huss, the agent of the appellee; but the facts proposed to be proved by this witness were cumulative. The appellant and Otis Westbrook both testified on the trial to their version of the contract in relation to the machine. The evidence of Phebe Selby, in relation to the purported conversation, would have only constituted facts in corroboration of the appellant and Otis Westbrook, and would have been cumulative.

William B. Price, one of the parties named in appellant's affidavit from whom it was expected to obtain newly-discovered evidence, was a witness on the trial of the cause in behalf of the appellant, and in his evidence claimed to be an expert machinist; that he saw the workings of the machine in the harvest field of the appellant, and from his observation of its workings testified as to the defects and imperfections in the machine.

There was other evidence upon the trial of the cause, in behalf of the appellant, in relation to the imperfection of the machine.

The evidence expected to be obtained from Thomas S. Trittipo would only have been in corroboration of the witness Price.

Without considering the question of diligence on the part of the appellant in the procurement of this evidence, we

must hold, after a careful examination of the evidence in the record, that the evidence claimed to be newly discovered was merely cumulative, and had it been introduced on the trial would not have probably changed the result, or in any way have influenced a different result.    There was no error in the ruling on this cause in the motion for a new trial. *Simpson* v. *Wilson*, 6 Ind. 474; *Bronson* v. *Hickman*, 10 Ind. 3; *State, ex rel.*, v. *Clark*, 16 Ind. 97 ; *Hines* v. *Driver*, 100 Ind. 315; *Harper* v. *State, ex rel.*, 101 Ind. 109; *De Hart* v. *Aper*, 107 Ind. 460; *Dodds* v. *Vannoy*, 61 Ind. 89.

Under the fourth, fifth and sixth causes assigned for a new trial, appellant claims that the court erred in the admission of certain testimony, over proper exceptions and objections, which may be stated as follows :

The witness Huss was asked by counsel for appellee, after he stated that he went out to the appellant's a second time to see the machine work, and after he stated he had not gone for the purpose of selling the machine, this question : " You may state what purpose you did have in going there?" Witness answered that he went to see whether anything had happened the binder, and stayed there for the purpose of showing him it was all right, and maintain the reputation of their goods.

Witness was also asked by the appellee whether he had heard that some other agent had put his machine in appellant's wheat field to work against his machine, and answered: " Yes, sir."

Otis Westbrook, a witness on behalf of the appellant, was required to answer a question of counsel for the appellee as to the contents of a written notice claimed to have been served by the agent of the appellee on the appellant.

It may be said, in relation to this evidence, that, in support of appellee's claim, the witness Huss, on his examination in chief, stated the sale of the machine to appellant was an absolute sale, with warranty that the machine would do good work, with fair trial; that the ma-

chine was delivered to the appellant upon an agreed price, and put upon trial, with satisfactory results. On cross-examination this witness was asked, by counsel for the appellant, in reference to his conduct in going to the field of the appellant where the machine was at work, as to what interest he had in the machine after absolute sale, and why he went to the field if the machine was sold absolutely as contended. The object of the question of the appellant is apparent. It was to affect the statement made by the witness, in his examination in chief. On re-examination of the witness he was permitted to explain the object and purpose he had in going to appellant's field after the machine was sold. The object and purpose of the witness was called in question by the appellant. It was certainly competent for the witness to explain.

It is unnecessary to notice further objection to the testimony of this witness, for the reason that counsel for appellant concede that the remaining part of the evidence of this witness did not constitute reversible error.

But complaint is made by counsel for appellant that the court erred in permitting inquiry to be made in relation to the written notice delivered by the witness Huss to the appellant's son, Otis Westbrook, for the removal of the machine in question from his premises. The position of counsel is not sustained by the record as regards this evidence. There was no attempt to prove the contents of a written instrument, but simply to explain an answer the witness had made to a question on his examination in chief, wherein the witness had made a statement of a written notice given him for the appellant by Huss, the agent of the appellee. The inquiry was proper, and was no abuse of the rule governing cross-examination. There was no error committed by the court in its rulings as relating to the evidence.

The last alleged error complained of by counsel for the appellant is, that the court refused to give the jury the following instruction asked by the appellant, to wit:

" If the jury believe from the evidence either that the machine in question was taken upon trial and within a reasonable time returned to the premises of the agent of the plaintiff as not being acceptable, or that it was taken by the defendant to be kept and paid for if it worked well, and it did not work well, or if its suitableness and acceptability was to be determined, according to the agreement of the parties, by Otis Westbrook, and he had not decided or determined it to be suitable and acceptable, you should, in either of these events, find for the defendant."

In lieu of which instruction the court, of its own motion, gave the jury the following :

3. One of the defendant's claims is, that the understanding of the parties was that the son of defendant might try the plaintiff's machine and the Excelsior machine, and take the one that suited him best. If this claim be true, you must find for the defendant.

4. Another claim made by the defendant is, that it was the understanding of the parties that the son of the defendant should have the absolute right to reject the plaintiff's machine if it did not suit him, without any regard to its character or qualities. If you find this claim to be true, you must find for the defendant.

5. The defendant also claims that it was the understanding of the parties that the defendant might reject said machine if, on a fair trial, it failed to do good work. If you find this claim to be true, and you also find that said machine was given a fair trial and would not do good work, you must find for the defendant, but if you find that it did do good work, or that the defendant did not give it a fair trial, you must find for the plaintiff.

The instructions given by the court, of its own motion, as herein set out, embraced fully each claim of defence made by the appellant, as appears from the evidence, and contained a fair and correct statement of appellant's defence, and covered the ground of the instruction asked for by the

appellant and refused. In looking to the record it seems evident that the instructions given upon the questions of the defence were as favorable to the appellant as the facts in the case warranted. There was no error in refusing the instruction asked for by the appellant.

We have now passed upon all questions under the causes assigned in the motion for a new trial that have not been waived in argument.

The judgment is affirmed, with costs.

Filed Oct. 28, 1891.