Anderson v. Hathaway.

No. 15,554.

ANDERSON v. HATHAWAY.

NEW TRIAL.—*Newly-Discovered Evidence.*—*Diligence.*—A new trial will not be granted on account of newly-discovered evidence, wherever, by the use of reasonable diligence, the evidence might have been discovered, and obtained for use at the trial. The facts constituting the diligence used before the trial to obtain the evidence must be pleaded, and it is not sufficient merely to allege that due diligence was used.

SAME.—*Complaint Must Show Materiality of Newly-Discovered Evidence.*—In an action for a new trial on the ground of newly-discovered evidence, the complaint is fatally defective if it fails to show, upon its face, the nature of the original action and the materiality of the newly-discovered evidence.

From the Lake Circuit Court.

*T. J. Wood* and *M. Wood,* for appellant.

*T. S. Fancher,* for appellee.

MILLER, J.—This was an action by the appellant against the appellee for a new trial, on account of newly-discovered evidence.

The appellee demurred to the complaint, and the demurrer being sustained, the appellant stood by his pleading and refused to amend, or plead over, and final judgment was rendered against him. The sufficiency of the complaint is the only question before us.

The complaint avers that the original cause was tried at the April term, 1888, of the Lake Circuit Court, and that the plaintiff did not discover the new evidence until January, 1889. It also avers that the plaintiff had no knowledge, at the time of the trial, that the witnesses, on account of whose testimony the new trial is sought, knew the facts which are disclosed in their affidavits.

There is no showing of diligence on the part of the plaintiff to discover and obtain the testimony of these witnesses prior to the trial and judgment, which is sought to be vacated.

It is a well-established rule of practice that a new trial

will not be granted on account of newly-discovered evidence, where, by the use of reasonable diligence, the evidence might have been discovered and obtained at the trial; also, that the facts constituting the diligence used before the trial to obtain the evidence must be pleaded; it not being sufficient to allege that *due diligence* was used. *Allen* v. *Bond*, 112 Ind. 523; *Hines* v. *Driver*, 100 Ind. 315; *Keisling* v. *Readle*, 1 Ind. App. 240.

The complaint is also fatally defective for failing to show, upon its face, the nature of the original action and the materiality of the newly-discovered evidence. We can only infer from the evidence exhibited with the complaint in this action that it was for the specific performance of a contract.

The character of the action and the materiality of the newly-discovered evidence must be set forth in the body of the complaint, and not left to inference from the pleadings and evidence exhibited therewith. *Shewalter* v. *Williamson*, 125 Ind. 373; *Glidewell* v. *Daggy*, 21 Ind. 95; *Hines* v. *Driver*, *supra*.

Judgment affirmed.

Filed March 11, 1892.