Davis *v.* Davis *et al.*

---

## DAVIS *v.* DAVIS ET AL.

[No. 17,719. Filed May 6, 1896.]

NEW TRIAL.—*Complaint.—Newly Discovered Evidence.*—In an action to obtain a new trial, on the ground of newly discovered evidence, all the facts essential to the validity of the complaint must be set out in the body of the complaint. The pleadings and evidence in the original case, though referred to and made a part of the complaint, cannot be considered.

SAME.—*Complaint.—Newly Discovered Evidence.—Due Diligence.*—A complaint in an action for a new trial, on the ground of newly discovered evidence, must state the facts constituting the diligence used to obtain the evidence before the trial. The mere statement that inquiries were made, is not sufficient.

SAME. - *Complaint.—Newly Discovered Evidence.*—In an action for a new trial, by reason of newly discovered evidence, where a deposi-

tion of a witness introduced in the original cause has been lost, an allegation in the complaint that such deposition is lost, with a substantial statement of the evidence, is sufficient; but such averments must be established by proper evidence at the trial of the issues joined on the complaint for a new trial.

From the Madison Circuit Court.  *Reversed.*

*F. A. Walker, F. P. Foster, W. S. Diven,* and *E. B. McMahan,* for appellant.

*Goodykoontz & Ballard,* and *H. C. Ryan,* for appellees.

MONKS, J.—Appellees brought this action against appellant to procure a new trial, on account of newly discovered evidence, of a cause in which appellant recovered a judgment against appellees.

Appellant filed a demurrer for want of facts to the complaint, which was overruled. The cause was tried and resulted in a finding and judgment in favor of appellees, that a new trial of said cause be granted, etc. The errors assigned call in question the action of the court in overruling the demurrer to the complaint, and in overruling appellant's motion for a new trial.

In determining the sufficiency of the complaint the pleadings and evidence in the original case, which are made a part thereof, cannot be considered. Neither the evidence nor pleadings in the original case can be resorted to for the purpose of supplying any averments essential to the sufficiency of the complaint; all the averments essential to the validity of the complaint must be set out in the body of such complaint or the same will not be sufficient to withstand a demurrer for want of facts.  *Anderson* v. *Hathaway,* 130 Ind. 528 (529); *Morrison* v. *Carey,* 129 Ind. 277 (279); *Shewalter* v. *Williamson,* 125 Ind. 373 (374); *Hines* v. *Driver,* 100 Ind. 315 (324).

The character of the action and the materiality of

the newly discovered evidence must be set forth in the body of the complaint, and not left to inference from the pleadings and evidence in the original case, made a part thereof. *Anderson* v. *Hathaway, supra,* and cases cited on p. 529.

The rule is established beyond controversy that applications for a new trial for newly discovered evidence are viewed with disfavor by the courts. They should be received with great caution, for the reason that there are few causes tried in which something may not be hunted up after the trial, and it extends great temptation to the commission of perjury to admit new evidence after the party who has lost a verdict has had an opportunity of discovering his adversary's strength and his own weakness. The law favors the diligent. A party, therefore, seeking a new trial on account of newly discovered evidence must, if he would succeed, establish every element of his case strongly, clearly, and satisfactorily, both by allegation and proof.

The facts constituting the diligence used before the trial to obtain the evidence must be pleaded. If it consisted in making inquiries, the time, place and circumstances must be stated, that the court may know that the inquiries were made in the proper quarter and in due season. *Osgood* v. *Smock,* 144 Ind. 387, and cases cited; *Anderson* v. *Hathaway, supra; McDonald* v. *Coryell,* 134 Ind. 493, and cases cited on p. 494; *Hines* v. *Driver, supra.*

Applying the well settled rules to the complaint in this case, it is clearly insufficient. There were no facts averred in the complaint, showing the nature of the original action, or that the alleged newly discovered evidence was material to any issue in the cause. Whether the same was material might perhaps be determined by a resort to the pleadings in the original

case which are a part of the complaint, but as we have said, they cannot be considered for any such purpose. *Blackburn* v. *Crowder*, 110 Ind. 127, and cases cited *supra.* Neither do the allegations in the complaint show proper diligence on the part of appellees to discover and procure the evidence of the witnesses named, prior to the trial in which the judgment sought to be vacated was rendered.

The diligence alleged, consisted in making inquiries of two witnesses before the trial, but it is not alleged how long before the trial, or when, or where, or under what circumstances such inquiry was made.

These allegations were not sufficient, therefore, for the court to determine whether the inquiry was made in the proper quarter or in due season. *McDonald* v. *Coryell, supra; Morrison* v. *Carey, supra; Graham* v. *Payne*, 122 Ind. 403 ; *Schnurr* v. *Stults*, 119 Ind. 429.

It is urged that the complaint is not sufficient for the reason that the deposition of one Deem was read in evidence at the trial of the original cause, and that the same is not made a part of the complaint in this proceeding. It is alleged, however, that said deposition is lost and cannot be found; but what is averred to be evidence of said witness is made a part of the complaint. We think, under such circumstances, it was sufficient to set out the substance of the evidence of such witness as was done in this case, and that the complaint was not insufficient for this reason.

All the evidence given at the trial of this proceeding is brought into the record by a bill of exceptions, but we have not been able to find any evidence to sustain the allegation in the complaint, that such deposition was lost and could not be found, or that the witness, Deem, testified in substance, as there alleged. It is not sufficient merely to set out the evidence given at

the trial of the original cause and make it a part of the complaint for a new trial; but the evidence there given must be established by proper evidence at the trial of the issues joined on the complaint for a new trial.

The court erred, therefore, in overruling appellant's motion for a new trial.

Judgment reversed, with instructions to sustain the demurrer to the amended complaint.