## JONES v. KOLMAN ET AL.

[No. 8,223. Filed April 5, 1912.]

1. NEW TRIAL.—*Action for New Trial.—Nature.*—An action for a new trial is an independent action, in no manner connected with the proceeding in which the judgment was rendered, and must stand or fall upon its own merits. p. 160.

2. NEW TRIAL.—*Action for New Trial.—Complaint.—Demurrer.*—The sufficiency of a complaint in an action for a new trial may be challenged by demurrer. p. 160.

3. APPEAL.—*Final Judgment.—Order Granting New Trial.*—An order granting a new trial under the provisions of §589 Burns 1908, §562 R. S. 1881, is a final judgment within the meaning of §671 Burns 1908, §632 R. S. 1881, from which an appeal will lie. p. 160.

4. NEW TRIAL.—*Action for New Trial.—Complaint.—Sufficiency.*— A complaint in an action for a new trial under §589 Burns 1908, §562 R. S. 1881, is insufficient if it fails to show that diligence was used to ascertain the facts relied upon during the term at which the judgment was rendered, or, if such facts were known, that they were not brought to the attention of the court by reason of the excusable neglect of the party seeking the new trial, or by the fraud of the adverse party. p. 161.

From Orange Circuit Court; *Thomas B. Buskirk,* Judge.

Action by Harrison J. Kolman and others against Oliver W. Jones. From a judgment for plaintiffs, the defendant appeals. *Reversed.*

*Carlos T. McCarty,* for appellant.
*Harry E. Roberts,* for appellees.

ADAMS, J.—On September 14, 1910, being the third judicial day of the September term of the Orange Circuit Court, judgment was rendered in favor of appellant against appellees on a note, and decreeing the foreclosure of a mortgage on real estate securing the same. On October 15, 1910—the same being in vacation—appellees filed their motion for a new trial. While the paper filed was designated as a "motion", it was treated by the parties and by the court as a complaint for a new trial.

Appellant appeared by counsel, and demurred to the complaint, on the ground that the same did not state facts sufficient to constitute a cause of action. This demurrer was overruled, and appellant declining to plead further, the court rendered judgment for a new trial.

Appellees have filed a motion in this court to dismiss the appeal, for the reason that the same was not taken from a final judgment, as provided by §671 Burns 1908, §632 R. S. 1881. It is urged that the granting of a new trial by the

court reinstates the foreclosure proceedings as an action pending in the Orange Circuit Court, and that such action remains undetermined. There is no merit in appellee's motion to dismiss the appeal. A complaint for a new trial is an independent action, and in no manner connected with the proceeding in which the judgment was rendered, and must stand or fall on its own merits. *Davis v. Davis* (1896), 145 Ind. 4, 43 N. E. 935; *Morrison v. Carey* (1891), 129 Ind. 277, 28 N. E. 697; *Hiatt v. Ballinger* (1877), 59 Ind. 303; *Sanders v. Loy* (1873), 45 Ind. 229; *Louisville, etc., R. Co. v. Vineyard* (1907), 39 Ind. App. 628, 79 N. E. 384; *East v. McKee* (1895), 14 Ind. App. 45, 42 N. E. 368. The sufficiency of the complaint in such an action may be challenged by demurrer. *Hines v. Driver* (1885), 100 Ind. 315.

An order granting a new trial, as provided by §589 Burns 1908, §562 R. S. 1881, is a final judgment within the meaning of §671, *supra,* from which an appeal will lie. Freeman, Judgments §18; *Harvey v. Fink* (1887), 111 Ind. 249, 12 N. E. 396; *Hines v. Driver* (1883), 89 Ind. 339.

In the case last cited, the court said: "We agree that appellate courts are reluctant to reverse a case upon the ground that a new trial has been improperly granted, upon the theory that the granting of a new trial rests largely in the discretion of the *nisi prius* court, and upon the ground that the erroneous granting of a new trial is likely to be ultimately less injurious than the erroneous refusal of a new trial. But the discretion vested in the *nisi prius* court is a judicial discretion, and will be reviewed when a proper case is presented. The right of appeal from a final judgment granting a new trial is in no manner abridged because of the large discretion reposed in that respect in the *nisi prius* court."

The complaint does not show that any diligence was used by appellees to ascertain the facts, on which they rely for a

new trial, during the term at which the judgment was
4. rendered. There is no averment that the new evidence
was not known by appellees at the time of the trial or
during the term. This alone would render the complaint insufficient. *Hines* v. *Driver* (1885), 100 Ind. 315; *Mercer* v.
*Mercer* (1888), 114 Ind. 558, 17 N. E. 182; *Pepin* v. *Lautman* (1901), 28 Ind. App. 74, 62 N. E. 60.

It is averred, however, that "the note and mortgage sued
on were not in court and not in evidence, the same having
been long since paid and canceled." Important as this averment is, standing alone, it is insufficient. If such facts were
unknown to appellees at the time of the trial or during the
term, or, if known, were not brought to the attention of the
court, by reason of the excusable neglect of appellees, or by
the fraud of appellant, and these facts, together with the
degree of diligence required, were shown by the complaint, a
different case would be presented. But the complaint before
us is clearly insufficient under the decisions of the Supreme
Court and this court, and the demurrer should have been
sustained.

The judgment is therefore reversed, with instructions to
the court below to sustain appellant's demurrer to the complaint, with leave to amend; costs to follow the final determination of this cause.

NOTE.—Reported in 98 N. E. 74. See, also, under (1) 1913 Cyc.
Ann. 3260; (2) 29 Cyc. 963; (3) 2 Cyc. 599; (4) 28 Cyc. 961, 962.