SUPREME LODGE OF THE MODERN AMERICAN FRATERNAL ORDER v. WATKINS.

[No. 8,946. Filed January 4, 1916.]

1. INSURANCE.—*Breach of Warranty.*—*Avoiding Contract.*—*Pleading.*—The breach of a promissory warranty, as an agreement of forfeiture of the policy if the insured should use alcoholic liquor to excess, merely renders the policy voidable at the election of the insurer, and answers grounded on such a breach must, to be good, show an election to avoid the policy and that no premiums were received after the breach, or, if received, an offer to return the premiums. p. 385.

2. INSURANCE.—*Breach of Warranty.*—*Pleading.*—An answer alleging the violation by insured of a warranty as to an existing fact, must allege an offer to return the premiums paid. p. 385.

From Superior Court of Marion County (91,-707); *Clarence E. Weir*, Judge.

Action by Carrie E. Watkins against the Supreme Lodge of the Modern American Fraternal Order. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*J. E. Martin, F. F. James* and *John W. O'Hara*, for appellant.

*Guilford A. Deitch* and *Frank G. West*, for appellee.

IBACH, C. J.—Error is assigned in the sustaining of demurrers to the second, third, fifth and sixth paragraphs of appellant's answer to appellee's complaint on a policy of life insurance issued by appellant on the life of Francis M. Watkins. The second, fifth and sixth paragraphs allege a breach by Watkins of a promissory warranty by which he agreed that if he should use alcoholic liquor to excess, his contract should be forfeited, and that such breach of warranty was unknown to appellant until after Watkins' death, and that it worked a forfeiture of the policy. Breaches of such promissory

warranties as this one do not make a contract
1. of insurance void, but merely render it voidable at the election of the insurer. In order to avoid the contract, the insurer must return the premiums received after the breach. Appellant's answers, to be good, must have shown an election to avoid the policy, and appellant should have alleged an offer to return the premiums which were received after the breach, or averred that no premiums were received after that time. *Supreme Tribe, etc.* v. *Lennert* (1912), 178 Ind. 122, 98 N. E. 115; *Modern Woodmen, etc.* v. *Young* (1915), 59 Ind. App. 1, 108 N. E. 869. The third paragraph of answer alleges a violation of a warranty as to
2. an existing fact, namely, the nonuse of intoxicating liquors at the time the policy was issued, but no offer to return premiums is alleged, and this paragraph is also bad. Judgment affirmed.

NOTE.—Reported in 110 N. E. 1008. As to representations of assured as warranties see 37 Am. St. 372. As to scope and effect of provisions in policies of insurance forbidding use of intoxicating liquor see 15 L. R. A. (N. S.) 206; 25 L. R. A. (N. S.) 1241. As to the necessity that a life insurance company in electing to rescind a policy on the ground of breach of warranty or false statement in the application return or offer to return the premiums received, see Ann. Cas. 1914 A 971. See, also, under (1) 25 Cyc 821, 921.