## MELDON v. COX.

[No. 8,923. Filed January 6, 1916.]

1. NEW TRIAL.—*Independent Action.*—*Complaint.*—A complaint for a new trial under §589 Burns 1914, §572 R. S. 1881, is an action independent of the original action in which the judgment was rendered, and must stand or fall on its own merits, as a cause of action. p. 405.

2. NEW TRIAL.—*Independent Action.*—*Newly Discovered Evidence.*— To sustain an independent action for a new trial under §589 Burns 1914, §572 R. S. 1881, on the ground of newly discovered evidence, it must appear that such evidence is not merely cumulative and that it would probably change the result if a new trial were granted, and it must also be shown that it was discovered subsequent to the term at which the original trial was had and that it could not have been discovered before the trial by the exercise of due diligence. pp. 405, 406.

3. NEW TRIAL.—*Independent Action.*—*Procedure.*—Upon the joinder of issues in an independent action for new trial under §589 Burns 1914, §572 R. S. 1881, on the ground of newly discovered evidence, plaintiff should introduce in evidence the record of the original trial, prove what the evidence was upon such trial, and make proof of the newly discovered evidence together with a showing that it was discovered since the term at which the cause was originally tried and that due diligence was used to discover the same before the original trial; and the defendant should in like manner introduce his evidence before the court. p. 405.

4. NEW TRIAL.—*Independent Action.*—*Appeal.*—Where a new trial on the ground of newly discovered evidence is refused in an inde-

pendent action brought under §589 Burns 1914, §572 R. S. 1881, the applicant, if relying on the evidence in an appeal, should make the evidence a part of the record by a proper bill of exceptions. p. 406.

5.   NEW TRIAL.—*Independent Action.—Review.*—Where, in an independent action under §589 Burns 1914, §572 R. S. 1881, for a new trial on the ground of newly discovered evidence, the method adopted by the applicant for presenting the oral evidence heard at the original trial was by asking the official reporter only as to what was said concerning the salient fact upon which the action turned, and from his testimony and from the evidence generally it appeared that the issue was clouded with uncertainty, it was for the trial court to conclude whether the alleged newly discovered evidence was such as to warrant the granting of a new trial, and its judgment was conclusive. p. 407.

From Tipton Circuit Court; *James M. Purvis,* Judge.

Action by Teresa M. Meldon against Elias Cox. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Leonard J. Curtis* and *Gifford & Gifford,* for appellant.

*Edward Daniels* and *Sheridan & Gruber,* for appellee.

MORAN, J.—This was an action by appellant for a new trial as against appellee by virtue of §589 Burns 1914, §563 R. S. 1881, which provides among other things that where causes for a new trial are discovered, after the term at which the verdict or decision was rendered, the application may be made by a complaint filed with the clerk not later than the second term after the discovery, nor more than one year after the rendition of the final judgment, requiring the adverse party to appear in response to a summons issued, and that the cause be summarily decided by the court upon the evidence. Upon issues being joined and a trial had, appellant was denied the relief sought and judgment was rendered against her for costs. From this judgment an appeal has been

taken, the correctness of which appellant seeks to review upon error assigned on the overruling of her motion for a new trial.

Under the causes for a new trial that the decision is not sustained by sufficient evidence and is contrary to law, the court's attention is directed by appellant solely to the evidence which, she urges, established the allegations of her complaint and entitled her to another trial of the original cause in the court below. A complaint for a new trial is an

1. action independent of the original action, in which the judgment was rendered and must stand or fall on its own merits as a cause of action. *Jones* v. *Kolman* (1912), 50 Ind. App. 158, 98 N. E. 74; *Davis* v. *Davis* (1896), 145 Ind. 4, 43 N. E. 935. Before appellant is entitled to a new trial, it must appear that the newly-discovered evidence is

2. such as would probably change the result if a new trial was granted and it must have been discovered subsequent to the trial and be such as could not have been discovered before the trial by the exercise of due diligence and must be material to the issues and not merely cumulative to the evidence offered on the original trial. *People* v. *Williams* (1909), 242 Ill. 197, 17 Ann. Cas. 313; *Bronson* v. *Hickman* (1857), 10 Ind. 3; *Fleming* v. *McClaflin* (1891), 1 Ind. App. 537, 27 N. E. 875; *Westbrook* v. *Aultman, Miller & Co.* (1891), 3 Ind. App. 83, 28 N. E. 1011.

The practice in an action to which the cause at bar belongs in this State is upon issues being joined, the plaintiff should introduce in evidence the

3. record of the former trial, prove what the evidence was upon such trial, the newly-discovered evidence, and show that it has been discovered since the term when the cause was formerly tried, and the diligence used to discover before the

former trial; and the defendant should in like manner introduce his evidence before the court, and if the new trial is refused the party appealing to the upper court should when the evidence is relied upon put into the record by a proper bill of exceptions the evidence in the cause. *Kitch* v. *Oatis* (1881), 79 Ind. 96; *Sanders* v. *Loy* (1873), 45 Ind. 229.

As to the character of evidence that entitles one to a new trial in this class of cases, Elliott, J., in *Hines* v. *Driver* (1885), 100 Ind. 315, said: "The authorities go very far in requiring that the newly discovered evidence must be of a material character; some of them, indeed, go to the length of requiring that it must be such as to make it conclusively appear that if given it would change the result; but this is, perhaps, an extreme view. It is, however, very firmly settled that the evidence must be of a decisive character, and be such as to make it clearly and fully appear that it would produce a different result."   And in the more recent case of *Davis* v. *Davis* (1896), 145 Ind. 4, 43 N. E. 935, it was said: "The rule is established beyond controversy that applications for a new trial for newly-discovered evidence are viewed with disfavor by the courts.   They should be received with great caution, for the reason that there are few causes tried in which something may not be hunted up after the trial, and it extends great temptation to the commission of perjury to admit new evidence after the party who has lost a verdict has had an opportunity of discovering his adversary's strength and his own weakness.   The law favors the diligent. A party, therefore, seeking a new trial on account of newly-discovered evidence must, if he would succeed, establish every element of his case strongly, clearly, and satisfactorily, both by allegation and proof."

The contention of appellant is that one John D. Barton, who was the agent of appellant, loaned to appellee for appellant at one time $400.75, and as evidence thereof, a note for this amount was executed by appellee, together with a chattel mortgage on certain property securing the same, and that at the former trial, appellee denied receiving any money or thing of value in consideration of the execution of the note, considering it as a part of another transaction and loan. That by the newly-discovered evidence, it was disclosed by one George W. Oliver that he had knowledge of circumstances which established the facts as contended for by appellant. A brief summary of the evidence of George W. Oliver discloses that on December 2, 1911, while in close proximity to the office of John D. Barton, who was the agent of appellant, appellee called at the office and that Barton was not in, and that in a conversation with Oliver, appellee informed him that he was in need of $350, and asked Oliver whether Barton was in the habit of loaning that amount of money on chattel security. On the return of Barton to his office, Oliver informed him of appellee's desire in the matter. That appellee returned soon after and in a second conversation, Oliver requested appellee to let him know as soon as possible whether he could get the money through Barton and if not he thought he could obtain it for him. Later he learned from appellee that he received the money from Barton.

The salient fact upon which the action turned according to appellant is that appellee denied receiving the loan of $400.75 from appellant, and that the newly-discovered evidence disclosed that he stated to Oliver that he did receive the same. Anna Barton, the wife of appellant's agent, testified at the former trial that she

turned over to appellee the sum of $355 on a note calling for $400.75, the remaining portion of the note covering commission and expenses. The record in this case by the oral evidence discloses that at the former trial appellee testified that he received from J. D. Barton the sum of $50 and $85. When and where he received the same is not shown, nor does the alleged newly-discovered evidence on the part of Oliver disclose the amount of money that appellee said he received from Barton. The language of Oliver is, "I met him as he came down the stairs from Mr. Barton's office and I asked him if he got the money from Barton, and he said he did."

The method adopted of getting the oral evidence of the former trial before the trial court was through the official reporter, who reported the cause. His attention was directed only to what was said in reference to the money being received by appellee from Barton. At the close of the examination of the court reporter, he stated that he did not remember any other evidence given at the former trial in reference to the payment of money other than detailed by him; and from his testimony and from the evidence generally, there is such an uncertainty that it was clearly within the province of the trial court to conclude whether the evidence counted upon as being newly-discovered was such in fact or merely cumulative, or as to whether it would be likely to change the result, if a new trial was granted. Appellee insisted throughout the introduction of the oral evidence, as now, that the proper method was not employed to get the evidence of the former trial before the court, and further that the condition of the record precludes any inquiry into the result reached by the trial court. The conclusion we have reached makes it unnecessary to pass upon this

question. There is no reversible error in the record. Judgment affirmed.

Note.—Reported in 110 N. E. 1008. See, also, under (1) 29 Cyc 960, 961; (2) 29 Cyc 883, 963; (3) 29 Cyc 964; (4) 3 Cyc 175; (5) 29 Cyc 1030.