TRUST AND SAVINGS BANK OF RENSSELAER *v.* BRUS-
NAHAN, RECEIVER, ET AL.

[No. 11,945. Filed April 2, 1925. Rehearing denied July 1, 1925. Transfer denied November 21, 1928.]

258

*Parkinson & Parkinson* and *John A. Dunlap*, for appellant.

*Hanley & Hanley*, for appellees.

NICHOLS, J.—Action by appellant against appellees

seeking a review of a judgment and a new trial of a cause tried in the Jasper Circuit Court resulting in a judgment in favor of appellee, Brusnahan, receiver, and against appellant.

The first three paragraphs of appellant's complaint were for the review of the judgment. The fourth paragraph of appellant's complaint was for a new trial. The first paragraph of complaint alleged that appellee Brusnahan, as such receiver, on August 31, 1922, filed his complaint against appellant alleging therein that there were two mortgages upon lots 3 and 10 in block 9 in the city of Rensselaer, Indiana, one in favor of the First National Bank of Rensselaer, Indiana, and the second mortgage in favor of Walter M. White et al. That on said lots there was located a certain concrete and brick garage building in which were certain fixtures used in the conduct of a garage. That appellees Kuboske and Walter executed the mortgages and later conveyed the realty to one Schlink, who assumed and agreed to pay the same. That on May 3, 1922, the said mortgages were foreclosed and appellee Brusnahan was appointed receiver. That appellant removed and converted said fixtures, which were of the value of $2,000. The action resulted, on December 5, 1922, in a judgment in favor of appellee Brusnahan, receiver, against appellant for $2,000. That on December 8, 1922, appellant filed its motion for a new trial, which the court overruled, thereby committing error. That the judgment so rendered should be reviewed for the reason that appellant had used diligence in ascertaining all the facts necessary for his defense in said cause, and that appellant in said cause attempted to prove that the said fixtures were personal property and could be removed; that it made an effort to locate Charles V. Schlink, the former owner of the realty, to whom Kuboske and Walter had conveyed, but did not locate him until August 22, 1923, and

that Schlink then informed appellant that said fixtures were personal property and not a part of the real estate, that he and Kuboske and Walter so treated such fixtures and that he was advised that he had a right to sell the same, which he afterwards did. The purchasers from him afterward transferred the fixtures to appellant in payment of a debt which they owed, and authorized appellant to removed them, such removal constituting the alleged conversion. That the real estate ·was sold at sheriff's sale on June 10, 1922, under an order of sale issued by reason of the foreclosure of the mortgages owned by the First National Bank and the White heirs, and that the First National Bank purchased said· real estate on said date at said sheriff's sale. That, thereafter, on June 8, 1923, Kuboske and Walter paid the judgment in favor of.the First National Bank by paying the same to the clerk of the Jasper Circuit Court and fully paid the judgment in favor of the White heirs. That, thereafter, appellees Kuboske and Walter purchased the real estate from Schlink. That on June 6, 1923, appellees Kuboske and Walter assigned their interest in said judgment to the Farmers and· Merchants National Bank. That the judgment in favor of the First National Bank, having been paid by Kuboske and Walter, appellant was the owner of the judgment taken against appellant. Appellant asked that the judgment be reviewed and that appellant be adjudged owner of the judgment taken against it in favor of appellee Brusnahan, receiver.

The second and third paragraphs of amended complaint were substantially the same in effect as the first, so far as here involved. The fourth paragraph of amended complaint was substantially the same as the others, the prayer thereof seeking a new trial.

On motion of appellees, the court required appellant to make more certain and specific the allegations in its

second, third and fourth paragraphs of complaint in certain particulars, which it did by alleging in each paragraph of said complaint that in the finding and judgment of the Jasper Circuit Court in the original cause there was a determination as to primary and secondary liability and suretyship, and that it was adjudged that said Schlink was primarily liable for the payment of the judgments in favor of the First National Bank and the Whites, and that appellees Walter and Kuboske were secondarily liable as sureties, and, as such sureties, they paid each of said judgments.

Appellees thereupon filed separate and several demurrers to each of said paragraphs of complaint, which were sustained by the court. Appellant refused to amend or plead further and the court rendered judgment on each of appellees' demurrers, affirmed the judgment for $2,000 sought to be reviewed in this cause, and rendered judgment for costs against the appellant.

The errors assigned are the action of the court in sustaining the several demurrers to the respective paragraphs of the complaint.

Appellant is in error in its contention that the evidence of Schlink that the fixtures involved were personal property and not real estate, and that they were so treated by him and Kuboske and Walter, constituted new matter which would justify a review of the judgment. It appears by appellant's first paragraph of complaint, as well as by each of the other paragraphs, that, in the original complaint, which was the basis of the judgment which appellant seeks to review, it was averred that the fixtures were attached to and a part of the building situate on the lot covered by the two mortgages foreclosed, and had been for a long time prior thereto, and that they were essential to the conduct of a garage, for which the building had been exclusively used since its erection, and that such property was, at the

time of the conversion complained of, in the possession of the plaintiff, who was the receiver appointed by the court in the foreclosure proceeding. Appellant's answer in denial put in issue the question as to whether Schlink and Kuboske and Walter treated such fixtures as personal property at the time of the sale to Schlink and as to whether Schlink was thereby justified in selling the same to appellant's vendor. To meet this issue, the contract of sale and deed from Kuboske and Walter to Schlink was put in evidence, both of which specified that such fixtures were a part of said real estate. There was also oral evidence on this issue. It is apparent that the alleged newly-discovered evidence did not constitute new matter, but, at the most, newly-discovered evidence of matter already in issue, and, as such, it was available, if at all, only in a motion or complaint for a new trial. In *Jones* v. *City of Tipton* (1895), 142 Ind. 643, 42 N. E. 221, the court says: "It is very clear that new matter, discovered since the rendition of the first judgment, in order to entitle the losing party to a review of that judgment, must be such matter, as, *if alleged in the original pleadings*, and supported by the evidence, would have entitled such party to a different judgment." (Our italics.) The distinction between new matter that justifies an action for review, and newly-discovered evidence as a ground for a new trial has been may times made. See *Hall* v. *Palmer* (1862), 18 Ind. 5; *Fleming* v. *Stout* (1862), 19 Ind. 328; *Barnes* v. *Dewey* (1877), 58 Ind. 418; *Hines* v. *Driver* (1885), 100 Ind. 315.

But appellant's fourth paragraph of complaint is for a new trial. Suppose such newly-discovered evidence had, in fact, been offered at the original trial, could it have been admitted over the objection of appellee? The answer must be in the negative. If the verbal arrangement or agreement was made before the written contract and deed, it was merged in the writ-

ten instruments. If it was made contemporaneously therewith, then it could not be heard to contradict the terms of the written instrument. If it was made subsequently thereto, it was wholly without consideration and unenforceable, even against a plea of estoppel by appellant, for appellant did not know of such an agreement, and, of course, did not purchase the fixtures on the faith of it. But, if such evidence were admissible, it could only contradict the terms of the written agreement between the parties which, in the absence of fraud, mistake or ambiguity, which is not alleged, must have expressed the intent and understanding of the parties at the time. Such verbal evidence is certainly far from being such as would make it clearly and fully appear that it would produce a different result. That it must have this effect, see *Meldon* v. *Cox* (1916), 60 Ind. App. 403, 110 N. E. 1008; *Hines* v. *Driver, supra*; *Davis* v. *Davis* (1896), 145 Ind. 4, 43 N. E. 935.

Appellant next argues that as the judgments were fully paid, there was no necessity for the receiver to collect the damages adjudged for conversion; that there was no one to whom the money might be paid if collected; and that, therefore, there should be a review of the judgment because of changed conditions since the rendition of the judgment. But appellant failed in its complaint to mention the fact that the judgments were paid by the sureties until required to do so by the court, on motion of appellees, and now fails in its brief to mention such fact except as it appears by the pleadings. As it appears by the evidence in the original proceeding, which is pleaded, after the sale of the real estate by the sheriff to the First National Bank of Rensselaer, for the amount of its judgment only, within the year for redemption, the sureties paid, not only the bank's judgment, but the White heirs' judgment as well, and then took a quit-claim deed from Schlink for the

real estate. Having paid the debts of their principal, they certainly had a right to be subrogated to all the rights of the creditors whom they had paid, which included their right to the judgment for damages for the conversion of a part of the property which had been primary security for the judgments which they had paid. The rule that controls is thus well stated in *Manford* v. *Firth* (1879), 68 Ind. 83, on page 85: "The general principle, that a surety who pays the debt of his principal has the right to be subrogated to all the rights of the creditor as they existed before the debt was paid, is well established. The substitution of the surety is not for the creditor as he stands related to the principal after the payment but as he stood related to him before the payment. He is subrogated to such rights as the creditor then had against the principal. The debt may be assigned to the surety by the creditor, and the assignment will carry with it all securities or rights of the creditor. It is quite immaterial whether there is in point of fact an assignment of the debt or security or not. For if, upon equitable principles, the surety is entitled to it, a court of equity will consider that as done which ought to have been done; and, if necessary for the protection of the surety, will decree an assignment to be made."

To the same effect see *Gerber* v. *Sharp* (1880), 72 Ind. 553. The court did not err in its rulings sustaining the demurrers to the respective paragraphs of complaint.

The judgment is affirmed.

### ON PETITION FOR REHEARING.

NICHOLS, J.—Appellant, in its petition for rehearing, contends that if the fixtures which it is charged with converting were a part of the real estate, and not personal property, an action for conversion could not be maintained. But it appears by the plead-

ings and the proof that the fixtures were theretofore attached to and a part of the building, and that appellant removed and converted them to its own use. Under such circumstances, the principle that must control is stated thus in Vol. 28 Amer. & Eng. Ency. of Law p. 654: If property constituting a part of the freehold is wrongfully severed therefrom by a trespasser, it immediately becomes a personal chattel, the title to which vests in the owner of the land, and he may maintain an action of trover therefor against the wrongdoer.

Authorities which sustain the principle are: *Sampson* v. *Hammond* (1854), 4 Cal. 184; *Skinner* v. *Pinney* (1882), 19 Fla. 42, 45 Am. Rep. 1; *Omaha, etc., R. Co.* v. *Tabor* (1889), 13 Colo. 41, 16 Am. St. 185; *Greenebaum* v. *Taylor* (1894), 102 Cal. 624; *Mooers* v. *Wait* (1829), 3 Wend. (N. Y.) 104; *Harlan* v. *Harlan* (1850), 15 Pa. St. 507, 53 Am. Dec. 612.

The petition for rehearing is denied.