STARKE COUNTY TRUST AND SAVINGS BANK, ADMINISTRATOR, *v.* HOBART.

[No. 13,391. Filed September 12, 1929.]

*Orville W. Nichols,* for appellant.
*Charles Hamilton Peters,* for appellee.

NEAL, J.—The appellee filed her claim against the estate of Che Mah, deceased, alleging that on account of care and attention given the decedent during the years 1923 to 1926, the estate was indebted to her in the sum of $2,454. The claim was disallowed by the appellant, as administrator, and thereafter was duly transferred to the trial calendar of the Starke Circuit Court. On November 8, 1926, the cause was tried by the court. Evidence was heard, and, after argument, the court rendered judgment in favor of appellee (claimant below) in the sum of $2,454. Subsequently on December 7, 1926, appellant filed a motion for a new trial of said cause, which was overruled by the court on April 16, 1927. The judgment of the circuit court is in full force and effect, and no appeal was ever prayed by the appellant.

On June 23, 1927, appellant, pursuant to §614 Burns 1926, filed its complaint for a new trial in the Starke Circuit Court, alleging as grounds: (1) Excusable neglect in not being represented at the trial by counsel; (2) excusable neglect in the preparation for trial; (3) newly-discovered evidence. Several affidavits were filed by appellant in support of the allegations of his complaint for a new trial.

The appellee filed answer in two paragraphs: First, a general denial; and the second, alleging appellee's claim was just, attaching thereto affidavits of various persons in answer to appellant's affidavits. Appellant filed a reply in general denial to appellee's second paragraph of answer. The cause was tried by the court and judgment rendered that appellant take nothing by its complaint, and that the complaint for a new trial be overruled.

Appellant assigns as error in this court: (1) That the trial court erred in overruling its complaint for a new

trial for the reasons: (a) That the evidence of the several witnesses, who made affidavits in support of appellants complaint, clearly shows that the result of a new trial would cause a different result; (b) that the evidence shows that excusable neglect was proved, and that a meritorious defense exists; (c) that the plaintiff (appellant) is an officer of the court, the matter involved is of probate jurisdiction, and evidence in defense of such claims is hard to procure and discover; (2) the decision of the court is contrary to law; (3) the decision of the court is not sustained by sufficient evidence; (4) the decision of the court is clearly against the weight of the evidence.

Appellee, in his brief, presents the proposition that an assignment of error that the court below erred in overruling appellant's complaint for a new trial presents no question; that in order to present the alleged errors upon which appellant attempts to set forth, it was necessary that appellant should have filed a motion for a new trial; that an exception be taken thereto and the error, if any, should arise on the overruling of the motion for a new trial.

It has been repeatedly held that a complaint for a new trial is an independent proceeding. The practice contemplates issues being joined and the introduction of evidence in harmony with the issues. The judgment rendered thereon is a final judgment. Before an appeal can be predicated upon alleged errors arising at the trial, the trial court must be afforded an opportunity to review the same. This can only be accomplished by a motion for a new trial. It follows that appellant cannot present the alleged errors in this court without a motion for a new trial, exception thereto, and an assignment of error that the court erred in overruling his motion for a new trial. *Davis* v. *Davis* (1896), 145 Ind. 4, 43 N. E. 935; *Lowry* v. *Indianapolis Traction,*

*etc., Co.* (1920), 77 Ind. App. 138, 126 N. E. 223; *Meldon v. Cox* (1916), 60 Ind. App. 403, 110 N. E. 1008; *Louisville, etc., R. Co. v. Vinyard* (1906), 39 Ind. App. 628, 79 N. E. 384; *McConahey's Estate v. Foster* (1899), 21 Ind. App. 416, 52 N. E. 619.

Affirmed.